32645. BISHOP *et al. v.* R. S. EVANS, EAST POINT INC.

DECIDED NOVEMBER 1, 1949.

*John R. Burress,* for plaintiffs in error.

*Woodruff, Swift & Dorsey,* contra.

FELTON, J. 1. The defendants below contend that under USCA Title 49, § 523 (c), the plaintiff was required to register its title. This section provides: "No conveyance the recording of which is provided for by subsection (a) (1) of this section made on or after August 22, 1938, and no instrument the recording of which is provided for by subsection (a) (2) of this section or subsection (a) (3) of this section made on or after June 19, 1948, shall be valid in respect of such aircraft, aircraft engine or engines, propellers, appliances, or spare parts against any person other than the person by whom the conveyance or other

·instrument is made or given, his heir or devisee, or any person having actual notice thereof, until such conveyance or other instrument is filed for recordation in the office of the Administrator. For the purposes of this subsection, such conveyance or other instrument shall take effect from the time and date of its filing for recordation, and not from the time and date of its execution." That is true if the plaintiff intended to operate the airplane but it does not mean that the conditional-sale agreement is void as between the parties because the above provisions of law specifically state that the conveyance is not void as between the parties thereto or as to one having actual notice thereof.

2. We have not been cited authority which holds that the defendants could not register their title because their predecessor in title had not registered its title. We see no reason why the defendants could not have registered their title even if the plaintiff did not register its title. In order to do so, the defendants would probably have to have a bill of sale from the plaintiff's predecessor in title or from the plaintiff's predecessor in title conveying the property to the plaintiff, but the affidavit of illegality is not based on the theory that the plaintiff refused to furnish the defendants with a bill of sale showing a transfer of title to the property from the plaintiff's predecessor in title to the plaintiff or the defendants. The only conclusion to be arrived at under the pleadings is that the affidavit of illegality does not allege any fact or facts tending to show a partial or total failure of consideration; specifically, it alleges nothing showing that the plaintiff did or omitted to do anything which prevented the defendants from registering the airplane in their own names and using it for whatever legal and authorized purpose they desired. Section 523 (h) of Title 49, provides: "The person applying for the issuance or renewal of an airworthiness certificate for an aircraft with respect to which there has been no recordation of ownership as provided in this section shall present with his application such information with respect to the ownership of the aircraft as the Administrator shall deem necessary to show the persons who are holders of property interests in such aircraft and the nature and extent of such interests." A pertinent regulation of the Civil Aeronautics Ad-

ministration also supports the foregoing conclusion. The regulation is as follows: "If the seller is not shown on the records of the Civil Aeronautics Administration as being the owner of the aircraft, the bill of sale must be accompanied by a bill or bills of sale or similar instruments establishing the fact that the seller is the owner." 12 Fed. Reg. 2802-4, CCH Aviation Law Reporter, Vol. 1, p. 5433-5. The contents of the Federal Register must be judicially notice. USCA Supp., Title 44, § 307.

The court did not err in sustaining the demurrers to the affidavit of illegality and in dismissing it.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*