48369. GWINNETT SALES & SERVICE v. TRUST COMPANY OF GEORGIA.

QUILLIAN, Judge. The Trust Company of Georgia, appellee herein, loaned money to Walter J. and Sue Moyers in connection with their purchase of a 1967 Pontiac automobile in March of 1972. At that time, the appellee perfected a security interest in the aforesaid vehicle pursuant to the provisions of the Motor Vehicle Certificate of Title Act (Code Ann. § 68-401a et seq.; Ga. L. 1961, pp. 68, 69) in that a certificate of title was issued establishing appellee's security interest in the vehicle in accordance with the provisions of the Motor Vehicle Certificate of Title Act (Code Ann. § 68-412a; Ga. L. 1961, pp. 68, 77; 1962, pp. 79, 84; 1964, pp. 436, 438; 1965, pp. 304, 306).

When the loan obligation was in default the appellee instituted a foreclosure action against the vehicle in the State Court of Gwinnett County. Gwinnett Sales & Service, the appellant herein, intervened in the foreclosure proceeding and asserted that on or about August 21, 1972, subsequent to the appellee's perfection of its security interest in the vehicle, it performed repairs on the aforesaid vehicle to the extent of $243.06. Appellant argued that its mechanic's lien should have priority over the antecedent perfected security interest of the appellee.

The trial court entered an order and judgment in the foreclosure proceeding in the State Court of Gwinnett County in favor of the appellee and held that the priority as between a security interest and a mechanic's lien on a vehicle is governed by the Motor Vehicle Certificate of Title Act (Code Ann. § 68-423a; Ga. L. 1961, pp. 68, 86; 1962, pp. 79, 88; 1969, pp. 92, 96) which states that a security interest of which a mechanic has constructive or

actual notice takes priority over a subsequently filed mechanic's lien. The appellant appealed from that ruling and the case is here for review. *Held:*

The issue for determination in this case is whether security interest on a vehicle which is perfected pursuant to Code Ann. § 68-423a is superior to a mechanic's lien on a vehicle which is perfected under the provisions of Code Ann. § 67-2003 (Ga. L. 1953, Nov. Sess., p. 275; 1960, pp. 912, 913; 1972, p. 415).

Code Ann. § 68-423a provides: "All mechanics of every sort, for work done, or for work done and materials furnished, or for materials furnished, in repairing vehicles required to have a certificate of title by section 68-406a, shall have a special lien on the same which may be asserted by retention of such property, or the mechanic may surrender such vehicle and give credit, when the same shall be enforced in accordance with the provisions of section 67-2401, *and such special lien shall be superior to all liens except for taxes and such other liens and security interests of which the mechanic had actual or constructive notice before the work was done or material furnished.* When they surrender possession of the property to the debtor, such mechanics shall record their claims of lien as provided in section 68-421a and the validity of the lien against third parties shall be determined in accordance with the provisions of this Chapter." (Emphasis supplied.)

Code Ann. § 67-2003 states in part: "All mechanics of every sort, for work done and material furnished in manufacturing or repairing personal property, and for storage of such personal property after its manufacture or repair, which storage begins accruing after 30 days' written notice to the owner mailed to the owner by certified mail addressed to the owner at his last known address of the fact that storage is accruing, and of the daily dollar amount thereof, shall have a special lien on the same, which may be asserted by retention of such property, or the mechanic may surrender such personal property and give credit, when the same shall be enforced in accordance with the provisions of section 67-2401, and shall be superior to all liens except liens for taxes and such other liens as the mechanic may have had actual notice of before the work was done or material furnished."

The Motor Vehicle Certificate of Title Act applies only to vehicles and was specifically designed to regulate the title, security interest and liens of vehicles. In contrast thereto Code Ann. § 67-2003 is an entirely separate and independent statute which

applies to the perfection of mechanic's liens against personal property in general. The appellant contends the two statutes are in conflict and that Code Ann. § 67-2003 being the most recent controls. With this contention we do not agree.

Code Ann. § 68-427a (Ga. L. 1961, pp. 68, 87; 1962, pp. 79, 89) provides: "The method provided in this Chapter of perfecting and giving notice of security interests and liens with respect to motor vehicles as to which certificates of title need be obtained under the provisions of this Chapter is *exclusive* and such security interest and liens are hereby exempt from the provisions of law which otherwise require or relate to the recording or filing of the security interests or liens, claims of lien executions and other like instruments with respect to such vehicles." (Emphasis supplied.)

The trial judge was correct in entering a judgment for the appellee. *Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED JULY 3, 1973 — DECIDED SEPTEMBER 26, 1973 — REHEARING DENIED OCTOBER 18, 1973 — 

*Harrison & Garner, G. Hughel Harrison,* for appellant.

*King & Spalding, Henry Hall Ware, III, Joseph B. Haynes, Edward H. Robertson,* for appellee.