**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Zac A. CRITTENDEN, Jr. d/b/a
Crittenden Tractor Company,
Defendant-Appellee.**

No. 75–4174.

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1979.

H. Palmer Carr, Jr., Gregory J. Leonard, Asst. U. S. Attys., Macon, Ga., Ted L. Elders, Atty., Atlanta, Ga., Margaret M. Breinholt, Atty., Dept. of Agriculture, Washington, D. C., Thomas G. Wilson, Appellate Section, Civil Div., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

A'Delbert Bowen, Cuthbert, Ga., Albert W. Stubbs, Columbus, Ga., Howell Hollis, III, Atlanta, Ga., for defendant-appellee.

ON REMAND FROM THE SUPREME
COURT OF THE UNITED STATES

Before GOLDBERG and TJOFLAT, Circuit Judges, and WYATT *, District Judge.

GOLDBERG, Circuit Judge:

This case involves a dispute between the Farmers Home Administration [FHA] and a mechanic over a tractor. The two parties have competing liens on the tractor. The FHA's lien is a security interest arising out of the agency's loan to the tractor's owner. The mechanic's lien comes from repair work the mechanic, Crittenden, did on the tractor for the owner.

This is not the first time this court has plowed these fields. In our first go round, *U. S. v. Crittenden*, 563 F.2d 678 (5th Cir. 1977), we held that the mechanic's lien was superior to the FHA's security interest insofar as the amount of the lien represented repairs made during the mechanic's last and continuing possession of the tractor. In so holding we applied federal common law guided by the principles in the Uniform Commercial Code. This judgment was vacated and remanded by the Supreme Court in *U. S. v. Kimbell Foods*, —— U.S. ——, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979). The Supreme Court held that while federal law does govern the priority of liens stemming from the FHA loan program, such federal law should incorporate and follow nondiscriminatory state laws, absent a congressional directive to the contrary. The Court instructed us to decide on remand:

(1) "whether and to what extent Georgia treats repairman's liens as superior to previously perfected consensual liens," and

(2) whether "the FHA's financing statement [was sufficient] under Georgia law."

While state law is hardly clear on the first question, we think it most supports the same result we reached before. In that opinion we charted the evolution and present landscape of state law as follows:

> [The] result under Georgia state law is by no means clear. The 1953 version of Ga. Code Ann. § 67–2003 granted mechanics a lien for improvements or repairs on personal property and provided that this lien shall be superior to all other liens except liens for taxes and liens of which the mechanic has actual knowledge. The 1963 version of Ga.Code Ann. § 109A–9–310 reversed the priority provisions of § 67–2003 by providing that perfected security interests take priority over certain liens, including the mechanic's lien. However, in 1972 § 67–2003 was struck in its entirety and a new Code section 67–2003 was inserted in lieu thereof. With the exception of a new provision providing for a storage lien, this new version of § 67–2003 is substantially the same as the prior version and retains the superiority provision for mechanic's liens. Crittenden maintains that the superpriority provision in the 1972 version of § 67–2003 was intentionally included by the legislature, and that the 1963 version of § 109A–9–310 was thus impliedly repealed insofar as it applied to mechanic's liens. Appellant argues that the retention of the superpriority provision in the present version of § 67–2003 was an oversight, and that there is no evidence that the legislature intended to change the application of § 109A–9–310 with respect to mechanic's liens. The few recent Georgia cases which mention these sections do not recognize or resolve this inconsistency. *Park Avenue Bank v. Bassford*, 232 Ga. 216, 205 S.E.2d 861 (1974); *Gwinnett Sales & Service v. Trust Company of Ga.*, 130 Ga.App. 31, 202 S.E.2d 255 (1973). Because of our decision to fashion a single federal rule, we need not wade further into this state law quagmire.

*U. S. v. Crittenden, supra*, at 688 n. 17.

█ Little has changed since we wrote that footnote except for the cheerful luxury of the final sentence. We now must wade. Without clear instruction from the Georgia courts or legislature as to the current status of this leap-frogging history of lien law in its state, we see no reason why we should

---

* District Judge of the Southern District of New York, sitting by designation.

not apply the most basic principle of statutory interpretation, (not to mention, of leap-frog itself). That principle, of course, is that the last leap wins.

As noted above, in 1972 the Georgia state legislature enacted a new code section 67–2003, which reads in relevant part:

All mechanics of every sort, for work done and material furnished in manufacturing or repairing personal property, . . . shall have a special lien on the same, which may be asserted by retention of such property, or the mechanic may surrender such personal property and give credit, when the same shall be enforced in accordance with the provisions of section 67–2401, and shall be superior to all liens except liens for taxes and such other liens as the mechanic may have had actual notice of before the work was done or material furnished.

We note this provision is basically the same as the rule in the model version of the U.C.C. § 9–310, which most states have adopted. Nevertheless, this provision does obviously conflict with Ga.Code Ann. § 109A–9–310, which gives perfected security interests priority over the mechanic's lien. However, as the current section 67–2003 was enacted after the current section 109A–9–310, we shall follows 67–2003.[1]

■ The mechanic in this case worked on this tractor several times, building up a total unpaid bill of $2,151.28. However, the mechanic admits he gave up possession of the tractor to the borrower after each repair job except the last. Moreover, after returning the tractor on the earlier occasions the mechanic did not record his lien within 90 days, as required in section 67–2003. Thus, under 67–2003 the mechanic is entitled only to a special lien on the tractor of $543.81, the amount owed for the final repair.

■ The other issue before us is whether the FHA's financing statement, in listing "farm equipment" as collateral, sufficiently described the tractor to perfect the FHA's security interest. The relevant portion of the financing statement states:

1. This financing statement covers the following types or items of collateral, including proceeds and products thereof:

(a) Crops, livestock, supplies, other farm products, *farm equipment* and inventory.

(emphasis supplied).

Under Georgia law, section 109A–9–402(1), "[a] financing statement is sufficient if it . . . contains a statement indicating the types, or describing the items, of collateral." Section 109A–9–402(8) adds: "A financing statement substantially complying with the requirements of this Section is effective even though it contains minor errors which are not seriously misleading." And finally, section 109A–9–110 states:

"For the purposes of this Article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

In a similar case involving the adequacy of a description of property in a recorded bill of sale to impart constructive notice, the Georgia Court of Appeals wrote:

"The gist of [the] cases and others is that, while it is not wholly necessary that the physical description appearing of record be sufficient in itself to identify the property, it must raise a warning flag, as it were, providing a key to the identity of the property."

*Yancy Brothers v. Dehco*, 108 Ga.App. 875, 134 S.E.2d 828, 830 (1964).

Quoting from another case, the court added:

" 'Whether the record gives * * * [sufficient] notice depends not solely on the language appearing in the mortgage, but is determined in accordance with what a person of ordinary business prudence would have found out from pursuing such lines of inquiry as the data given in the mortgage would naturally suggest to his mind . . ..' "

*Id.* at 831, quoting *Nussbaum v. Waterman Inc. Co.*, 9 Ga.App. 56, 70 S.E. 259.

---

1. Section 67–2003 was reenacted yet again in 1979, effective July 1, 1979. The latest version contains the identical superpriority language as previous incarnations of the statute.

In the instant case the FHA financing statement explicitly stated it covered the borrower's "farm equipment." We think this description adequately indicates "type . . . of collateral" which includes a tractor, and that it "reasonably identifies" the tractor. It is certainly not "seriously misleading." Moreover, we think the phrase "farm equipment" clearly waves a warning flag above the borrower's tractor, and would sufficiently alert a "person of ordinary business prudence" to "pursu[e] such lines of inquiry as the [description] given in the [financing statement] would naturally suggest to his mind."

The lower court in this case sustained the mechanic's motion for summary judgment. We hold today that under Georgia law Crittenden's mechanic's lien is superior to FHA's perfected security interest to the extent of $543.81. The judgment of the district court is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

AFFIRMED in PART, REVERSED in PART.