### 64146. NEWTON FORD TRACTOR COMPANY, INC. v. J. I. CASE CREDIT CORPORATION.

SOGNIER, Judge.
J. I. Case Credit Corporation (Case) filed a petition for writ of possession against Cowart and Newton Ford Tractor Company (Newton Ford) to foreclose a security interest in a tractor purchased by Cowart. Newton Ford made repairs on the tractor and filed a mechanic's lien under Code Ann. § 67-2003. The tractor was in the possession of Newton Ford who answered the petition and claimed that its mechanic's lien had priority over Case's security interest. The trial court granted Case's petition. Newton Ford appeals.

Appellant contends that the trial court erred in granting the writ of possession because its mechanic's lien should have priority over appellee's security interest. After a hearing on the matter, the trial court found that Case had a perfected security interest evidenced by a financing statement properly filed on January 31, 1979 in the Superior Court of Bulloch County, Georgia, and that Cowart was in default. The trial court also found that Newton Ford was in possession of the vehicle; that it had made no search of the record prior to making repairs on the tractor; that repairs had been made without the prior knowledge and consent of Case; and that Newton Ford's mechanic's lien had been filed on August 28, 1981.

In a well-drafted order the trial court made the following conclusions of law: "Ga. Code Ann. § 109A-9—310 provides in part that 'a perfected security interest in collateral takes priority over each and all of the liens, claims and rights described in Section 67-1701, relating to the establishment of certain liens, *as now or hereafter amended. . .*' (emphasis supplied). Ga. Code Ann. § 67-1701

creates the mechanic's lien on personal property described in Ga. Code Ann. § 67-2003 upon which [appellant] relies . . . [T]he perfected security interest of [appellee] takes priority over the mechanic's lien claimed by [appellant]. Ga. Code Ann. § 109A-9—310; *See Gwinnett Sales & Service vs. Trust Company of Georgia,* 130 Ga. App. 31 [(202 SE2d 255)] (1973).

"[Appellant] argues that it should prevail under Ga. Code Ann. § 67-2003, since this code section was reenacted by the legislature subsequent to the effective date of Ga. Code Ann. § 109A-9—310, as amended, and cites to the Court the case of *United States vs. Crittenden,* 600 F. 2d, 478 (5th Cir. 1979). However, in *Crittenden* the Court was interpreting the 1963 version of Ga. Code Ann. § 109A-9—310 and the 1972 version of Ga. Code Ann. § 67-2003. In 1978, Ga. Code Ann. § 109A-9—310 was amended effective July 1, 1978 (Ga. L. 1978, pp. 1081, 1110) and the language [italicized] was added by the amendment: 'Except as is expressly provided to the contrary elsewhere in this Article, a perfected security interest in collateral takes priority over each and all of the liens, claims and rights described in section 67-1701 *relating to the establishment of certain liens, as now or hereafter amended,* and Section 113-1508, *relating to the priority of debts against the estate of a decedent, as now or hereafter amended,* provided, nevertheless, that . . .'

"This language clearly indicates the legislative intent to conclusively establish the priority of a perfected security interest over all liens described in Ga. Code Ann. § 67-1701 including the mechanic's lien set forth under Ga. Code Ann. § 67-2003 and further expresses the intention of the legislature that future amendments to the lien statutes should not be construed as repealing the priority provisions of Ga. Code Ann. § 109A-9—310.

"Ga. Code Ann. § 67-2003 was subsequently amended and reenacted by the legislature in 1979 (Ga. L. 1979, pp. 902-904) and 1980 (Ga. L. 1980, pp. 831-832). The 1979 amendment simply extended the period of time within which claims of lien on farm machinery must be filed for record, while the 1980 amendment extended the period of time within which claims of lien on airplanes must be filed for record. There is no indication whatsoever that the legislature intended to change the priority set forth in Ga. Code Ann. § 109A-9—310 by the subsequent reenactments of Ga. Code Ann. § 67-2003 in 1979 or 1980."

We agree with the trial court and hold that under Code Ann. § 109A-9—310, a perfected security interest takes priority over all liens described in Code Ann. § 67-1701, including the mechanic's lien as provided for in Code Ann. § 67-2003.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 14, 1982.

*Susan Warren Cox,* for appellant.
*R. Kenny Stone,* for appellee.