## 67978. STATE OF GEORGIA v. MOZLEY et al.

Deen, Presiding Judge.

John H. Mozley and his mother, Brentsie, owned and operated General and North Fulton Package Stores, which sold liquor, wine and beer. The alcohol license was in the name of Mrs. Mozley, who was also known as Brentsie R. Covington. On October 14, 1980, the Mozleys executed a sales agreement with John Jacobson for the complete sale and transfer of their businesses. The sales agreement, apparently at the suggestion of the Mozleys' attorney, provided that Jacobson would form a corporation as soon as possible, that he would hold a 98% interest in the corporation, and that each of the Mozleys would hold a 1% interest. A security agreement was executed on the same date, which Jacobson signed "individually and representing as an officer and majority stockholder of a corporation to be formed by him." The agreement provided that Jacobson individually, "and as president of a corporation being formed for the purpose of owning and operating the described property," conveyed certain described property "together with all accessions" to secure the indebtedness of $59,217 represented by Jacobson's note.

The evidence further showed that Jacobson took certain steps towards forming the corporation: the name certificate was obtained from the Secretary of State on October 14, 1983, and a bank account was opened in the name of "Fulton County Spirits Shoppe, Ltd., d/b/a North Fulton and General Package Store." Checks were drawn

on this account for the purpose of paying certain debts incurred by the business, for the payment of replacement inventory, and for payments made to the Mozleys which were endorsed by John Mozley. Evidence was also introduced to show that on October 31, 1980, the Mozleys signed a state alcohol license application showing "Fulton County Spirits Shoppe, Ltd.," as a corporation owning and operating the business. The state also introduced, without objection, copies of the articles of incorporation for the corporation, which were issued on December 4, 1980. The plaintiffs introduced a copy of their financing statement, which was filed in Cobb County on December 12, 1980, and shows the debtor as "John Jacobson." Other evidence included a letter from John Mozley to the landlord of the business premises on December 17, 1980, informing him that an agreement has been entered into with Jacobson whereby he is to manage the stores and have "partial interest and ownership of stock in a corporation now being formed." He went on to explain certain details of the agreement, which provided that after five years all interest in the businesses would be transferred to Jacobson.

On January 19, 1982, state tax executions were issued by the State Revenue Commissioner against the businesses and John Jacobson. On February 18, 1982, the state tax executions were recorded in Fulton County. The businesses ceased operating shortly thereafter, and in May the Mozleys filed suit seeking a declaratory judgment, contending they had obtained a writ of possession on April 20, 1983, and asserting the superiority of their perfected security interest. The case came on for a hearing before the trial court, sitting without a jury, and the court refused to make a finding as to whether a corporation had been formed, but did find that "the plaintiff has no knowledge, constructive or otherwise, that such business was a corporation"; that the plaintiff filed a financing statement in Cobb County, where Jacobson resided, on December 12, 1980; and that the financing statement was filed prior to the docketing of the tax lien. The court then held that the financing statement took priority over the state's tax lien. The state appeals.

1. OCGA § 11-9-310 (Code Ann. § 109A-9—310) provides: "a perfected security interest in collateral takes priority over each and all of the liens, claims, and rights described in Code Section 44-14-320, relating to the establishment of certain liens . . . and Code Section 53-7-91 relating to the priority of debts against the estate of a decedent . . . ." Subsection (c) provides that a lien for state taxes takes priority over a security interest "except where such security interest is perfected by filing a financing statement relative thereto prior to such time as the execution for such taxes shall be entered on the execution docket in the place and in the manner provided by law."

Under OCGA § 11-9-310 (Code Ann. § 109A-9—310), a perfected security interest takes priority over all liens described in OCGA § 44-14-320 (Code Ann. § 67-1701). *Newton Ford Tractor Co. v. J. I. Case Credit Corp.*, 163 Ga. App. 497 (294 SE2d 723) (1982). Contrary to appellant's assertion, this case is not controlled by OCGA §§ 48-5-28, 48-2-56 (Code Ann. § 91A-252). These provisions are not applicable to sales taxes. *Williams v. Gen. Finance Corp.*, 98 Ga. App. 31 (104 SE2d 649) (1958).

2. The issue of Jacobson's place of residence was not raised in the court below and will not be addressed by this court when raised for the first time on appeal. Court of Appeals Rule 15 (c) (2).

3. The sole question is whether the financing statement filed by the Mozleys in Cobb County is valid and takes priority over the state's tax lien under OCGA § 11-9-310 (Code Ann. § 109A-9—310). We are unable, however, to reach a decision in this extremely complex U. C. C. case because the findings of fact and conclusions of law, as required under OCGA § 9-11-52 (Code Ann. § 81A-152), are totally inadequate. The issue of whether a corporation was formed must be determined in order to decide the remaining issues in the case especially whether it was formed prior to the filing of the Mozleys' financing statement on December 12, 1980. In finding that the Mozleys had no knowledge of the formation of the corporation "constructive or otherwise," the court overlooks the U. C. C. requirement of good faith, and the implications flowing from that requirement, as to whether they were required either to file a corrected financing statement as provided under OCGA § 11-9-402 (2) (d) (Code Ann. § 109A-9—402 (2) (d), or to file originally under the corporation's name in Fulton County. See OCGA § 11-9-401 (Code Ann. § 109A-9—401).

A second factual determination must be made as to whether any assets were transferred to the corporation. Jacobson testified that all the assets were transferred to the corporation, but was unable to produce any documentation of his claim at the hearing. This determination would have to include a construction of, and the effect of, the security agreement which anticipated such a transfer. If no assets were transferred, then the court would have to determine which assets were actually transferred, because the evidence showed that the corporation purchased certain replacement inventory with funds in the corporate bank account. It must be further determined whether this inventory would be considered to be an "accession" under the security agreement. Until these and all other factual issues in the case are resolved by the court below, this court cannot make a decision.

*Case remanded with direction. McMurray, C. J., and Sognier, J., concur.*

DECIDED APRIL 4, 1984 —
REHEARING DENIED MAY 15, 1984.

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Verley J. Spivey, Senior Assistant Attorney General, David A. Runnion, Assistant Attorney General,* for appellant.

*James W. Friedewald,* for appellees.

ON MOTION FOR REHEARING.

On motion for rehearing the State contends the issue of Jacobson's place of residence was raised in its closing argument which was submitted by brief, and the State agreed that the Mozleys failed to prove that Jacobson was a resident of Cobb County. We have considered the entire trial transcript and find that at no point was the financing statement's allegation of Jacobson's residence challenged. Therefore, the trial court could presume his residence to be in Cobb County.

*Motion denied.*