A91A0826. GOODIN v. SOUTH ATLANTIC PRODUCTION CREDIT ASSOCIATION.
(410 SE2d 159)

CARLEY, Judge.

Insofar as they are relevant to this appeal, the facts are as follows: In 1982, appellee-plaintiff perfected a security interest by filing a financing statement which identified the collateral as "[a]ll farm machinery and equipment, tractors, tilling and harvesting tools of every kind and description owned by Debtors." In 1985, OCGA § 11-9-310 (2), relating to the priority as between a mechanic's lien and a perfected security interest in the same farm machinery and equipment became effective. In 1987, pursuant to OCGA § 11-9-403 (3), appellee filed a timely continuation statement. In 1990, appellant-defendant acquired a mechanic's lien as to the following pieces of the

Debtors' equipment: a bush hog; a combine; two tractors; a peanut picker; and a mower. Thereafter, the Debtors defaulted on their debt to appellee. Appellee sought a writ of possession as to all of the Debtors' farm equipment, including those pieces on which appellant had a mechanic's lien. Relying upon OCGA § 11-9-310 (2), appellant urged that his mechanic's lien had priority over appellee's perfected security interest. Appellee urged that OCGA § 11-9-310 (2) did not apply retroactively and that, even if it did, appellant's mechanic's lien did not have priority. The trial court found that OCGA § 11-9-310 (2) did apply, but it also ruled that the appellee's perfected security interest had priority. Accordingly, the trial court granted a writ of possession as to the disputed pieces of the Debtors' equipment. It is from that order that appellant appeals.

1. OCGA § 11-9-310 (2) provides: "A mechanics' lien on farm machinery or equipment arising on or after July 1, 1985, shall have priority over any perfected security interest in such farm machinery or equipment unless a financing statement has been filed as provided in Code Section 11-9-401 and unless the financing statement describes the *particular piece* of farm machinery or equipment to which the perfected security interest applies. Such description *may* include the make, model, and serial number of the piece of farm machinery or equipment. However, *such description shall be sufficient whether or not it is specific if it reasonably identifies what is described* and a mistake in such description shall not invalidate the description if it provides a *key* to identifying the farm machinery or equipment." (Emphasis supplied.)

Appellee's financing statement did not merely describe the collateral in such general terms as "farm machinery and equipment." It described it as "*all* farm machinery and equipment." (Emphasis supplied.) Moreover, it further specified the collateral as including particular pieces of farm machinery and equipment, such as "tractors, tilling and harvesting tools of every kind and description owned by Debtors." The financing statement did not include the make, model, or serial numbers of the "tractors, tilling and harvesting tools. . . ." However, OCGA § 11-9-310 (2) does not require such specifics. All that OCGA § 11-9-310 (2) requires is a reasonable identification and even a mistaken description will suffice so long as a key to identification is provided.

"[I]t is not wholly necessary that the physical description appearing of record be sufficient in itself to identify the property, it must [only] raise a warning flag, as it were, providing a key to the identity of the property. [Cit.]" *Peoples Bank v. Northwest Ga. Bank*, 139 Ga. App. 264, 268 (2) (228 SE2d 181) (1976) (construing OCGA § 11-9-110). The description in appellee's financing statement was clearly sufficient to raise a "warning flag" as to the "tractors, tilling and har-

vesting tools of every kind and description owned by the Debtors." See generally *First Nat. Bank & Trust Co. v. Olivetti Corp. of America*, 130 Ga. App. 896, 897 (2) (204 SE2d 781) (1974). A "person of ordinary business prudence" would certainly have been put on notice that his mechanic's lien would *not* have any priority as against appellee's security interest in the Debtors' "tractors, tilling and harvesting tools of every kind and description. . . ." See *Peoples Bank v. Northwest Ga. Bank*, supra at 269 (2). The Debtors' bush hog, combine, tractors, peanut picker and mower clearly come within the description of "tractors, tilling and harvesting tools of every kind and description. . . ." It follows, therefore, that the trial court correctly held that appellee's security interest in those items had priority over appellant's mechanic's lien thereon.

2. Since the financing statement satisfies the requirements of OCGA § 11-9-310 (2), we need not address appellee's "right for any reason" argument that that statute does not apply to financing statements filed before July 1, 1985.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Benjamin F. Easterlin IV*, for appellant.

*Crisp, Oxford, McKelvey & Jones, Henry L. Crisp, Howard S. McKelvey, Jr.*, for appellee.