A97A1961. SOUTHERN HORIZONS AVIATION v. FARMERS & MERCHANTS BANK OF LAKELAND.
(497 SE2d 637)

JOHNSON, Judge.

In this appeal, we decide which creditor/claimant has a superior interest in an airplane: an aircraft repair company which asserted a mechanic's lien on the airplane in superior court but failed to record its interest with the Federal Aviation Administration ("FAA"), or a bank which recorded its purchase money security interest in the airplane with the FAA after the mechanic initiated lien foreclosure proceedings. In affirming the trial court, we hold that the bank's security interest has priority over the repair company's interest.

On January 25, 1994, Edward Blythe borrowed money from Farmers & Merchants Bank ("the Bank") in order to purchase a cropdusting airplane. Blythe executed a promissory note and security agreement granting the Bank a security interest in the aircraft. Blythe purchased the plane on the same date.

On January 29, 1994, as part of the sales agreement, the seller took the plane to Southern Horizons Aviation for an annual inspection and repairs. An aircraft mechanic with Southern Horizons began the repair work in January and continued working on the plane "through July" 1994. When the seller failed to pay the repair charges, Southern Horizons retained possession of the airplane. Southern Horizons allowed Blythe to use the plane for cropdusting missions, though he was required to return the plane after each flight.

On July 22, 1994, the Bank filed a financing statement in Cook County Superior Court, showing its security interest in the aircraft. The Bank also sent the security agreement and related documents to the FAA sometime prior to September 13, 1994; however, because the plane's serial number had been omitted from the application, the FAA returned the documents and did not record them until December 1994 or February 1995.

In November 1994, Southern Horizons filed an action in superior court to foreclose its aircraft mechanic's lien. See OCGA § 44-14-550

et seq. The Bank intervened and requested a probable cause hearing. After conducting two hearings, the trial court held that Southern Horizons failed to perfect its claim of lien, that the Bank had perfected its security interest in the aircraft, and that the Bank's perfected interest had priority over Southern Horizons' unperfected claim. Southern Horizons appeals, arguing that its claim was perfected before the Bank's and that its mechanic's lien therefore has priority. We disagree and affirm the judgment of the trial court.

Southern Horizons claims to have perfected its mechanic's lien on the airplane pursuant to OCGA § 44-14-363 on November 17, 1994, when it filed its foreclosure action. OCGA § 44-14-363 (a) provides, in relevant part, that all mechanics shall have a special lien on personal property for work done and material furnished in manufacturing or repairing the personal property, and such liens shall be asserted by the retention of the personal property or by surrender of the property and enforcement of the lien in accordance with OCGA § 44-14-550.

In support of its position, Southern Horizons cites authority holding that no conveyance of or lien on an aircraft is valid until recorded with the FAA (see *Dawson v. Gen. Discount Corp.*, 82 Ga. App. 29 (60 SE2d 653) (1950); *Bishop v. R. S. Evans, East Point, Inc.*, 80 Ga. App. 324 (56 SE2d 134) (1949)), and notes that the Bank's interest was not recorded by the FAA until February 1995, months after Southern Horizons perfected its lien by filing the underlying foreclosure action.

This argument, however, does not help Southern Horizons. Southern Horizons has neither alleged nor shown that *it* recorded its purported lien with the FAA. In *Philko Aviation v. Shacket*, 462 U. S. 406 (103 SC 2476, 76 LE2d 678) (1983), the United States Supreme Court held that federal law regarding aircraft recordation preempts state law and "[a]lthough state law determines priorities, *all interests [in aircraft] must be federally recorded* before they can obtain whatever priority to which they are entitled under state law." (Emphasis supplied.) Id. at 413; see *Aero Support Systems v. Fed. Deposit Ins. Corp.*, 726 FSupp. 651, 653 [1,2] (N.D. Tex. 1989); see *United States v. One 1951 Douglas DC-6 Aircraft*, 525 FSupp. 13, 15-16 (5) (W.D. Tenn. 1979). A mechanic's lien which has not been recorded with the FAA is not valid. See *Aero Support Systems*, supra. Thus, assuming Southern Horizons has a lien at all, that unrecorded lien cannot have priority over a federally recorded interest. See, e.g., *James Talcott, Inc. v. Bank of Miami Beach*, 143 S2d 657 (Fla. App. 1962); *Crescent City Aviation v. Beverly Bank*, 219 NE2d 446, 448-449 (Ind. App. 1966).

We note that although the above-cited cases were decided based on former 49 USCS § 1403, federal statutes enacted on July 5, 1994,

are similar in substance to the former statute and are consistent with the holdings in those cases. For example, 49 USCS § 44107 provides for a system of recording conveyances affecting an interest in aircraft by the FAA; and 49 USCS § 44108 provides that such conveyances are not valid before filing with the FAA, except in certain situations inapplicable here, and provides further that a recorded conveyance is valid from the date of filing against all persons.

We further note that even if federal recordation was not required, the Bank would have priority under state law. The Bank perfected its security interest in the collateral under Georgia law in July 1994 when it filed its financing statement in superior court. See generally OCGA §§ 11-9-302; 11-9-303 (1). Southern Horizons asserted its claim of lien in September 1994, after the Bank perfected its security interest. Indeed, Southern Horizons could not have asserted a valid mechanic's claim of lien before July 22, the date the Bank perfected its interest, because a mechanic's claim of lien is recordable only after the work is done, and Southern Horizons worked on the aircraft "through July." See OCGA § 44-14-363 (c).

Finally, even if Southern Horizons had recorded its interest with the FAA, priority between its and the Bank's interests in the airplane would be determined by reference to state law. See *Philko Aviation,* supra. Under Georgia law, a perfected security interest in collateral takes priority over a mechanic's lien. See *Newton Ford &c. Co. v. J. I. Case Credit Corp.,* 163 Ga. App. 497, 498 (294 SE2d 723) (1982); OCGA § 11-9-310 (1). The trial court did not err in granting summary judgment to the Bank.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 10, 1998.

*Cork & Cork, Patrick C. Cork, Robert L. Cork,* for appellant.
*Moore & Studstill, Daniel L. Studstill,* for appellee.