A98A1004. NATIONSBANK OF TENNESSEE, N.A. v. HARDWICK CARPETS INTERNATIONAL, INC. et al.
(506 SE2d 174)

BEASLEY, Judge.

The question in this case is whether a bank's perfected security interest in the inventory of a carpet manufacturer has priority over a third-party's later-acquired mechanic's lien.

In 1991, Hardwick Carpets International, Inc. began using the services of Georgia Carpet Finishers, Inc. to back and finish the carpet it manufactures. Georgia Carpet ships the finished carpet to Hardwick's customers after performing its work. In the process, Georgia Carpet acquires a commission and a mechanic's lien on the carpet in its possession to secure payment for its services.

In 1993, NationsBank of Tennessee, N.A., loaned Hardwick $600,000 on a revolving line of credit, and Hardwick granted the bank a security interest in various collateral, including its inventory. The bank's perfected security interest was evidenced by financing statements filed from 1989 through 1993. The NationsBank loan was declared in default in 1995. Later that year, the bank was awarded a default judgment against Hardwick in the principal amount of $490,000.

In 1996, the bank filed a petition for writ of possession of its collateral, including carpet held by Georgia Carpet. Georgia Carpet was served with the writ and filed a motion to intervene. It claimed its mechanic's lien was superior to NationsBank's security interest to the extent it secured $27,062.42 in unpaid finishing charges accruing from the time the bank loan was declared in default until Georgia Carpet was served with the writ. After the trial court allowed intervention, Georgia Carpet filed a cross-claim against Hardwick and a counterclaim against NationsBank. The parties entered into a consent writ of possession, allowing NationsBank to recover and liquidate the inventory in Georgia Carpet's possession without prejudice to Georgia Carpet's cross-claim or counterclaim. NationsBank liquidated the collateral and received $79,000, but a balance remained on Hardwick's total indebtedness.

NationsBank sought summary judgment on Georgia Carpet's

counterclaim, on the ground that its perfected security interest was superior to the mechanic's lien. The court denied the motion, holding that under Georgia law a mechanic's lien has priority over a perfected security interest of which the mechanic did not have actual notice before the work was done or material furnished. The trial court refused to grant a certificate of immediate review. Following a bench trial, the court entered judgment in favor of Georgia Carpet in the principal amount of $27,062.42, finding that it had no actual notice of NationsBank's security interest and that its mechanic's lien was thus superior.

Georgia's statutory liens are set forth in OCGA § 44-14-320. Subsection (a) (7) establishes "[l]iens in favor of mechanics on real and personal property." OCGA § 44-14-363 (a) grants mechanics a lien for improvements or repairs on personal property. For over 100 years, OCGA § 44-14-363 (a) and its predecessors granted mechanic's liens superiority over "all liens except liens for taxes and . . . such other liens as the mechanic may have had actual notice of before the work was done or material furnished."[1] After the Uniform Commercial Code was enacted in Georgia in 1962, the General Assembly amended UCC § 9-310 (OCGA § 11-9-310) in 1963 to give perfected security interests priority over the liens described in OCGA § 44-14-320 and thus mechanic's liens. Through this enactment, the legislature obviously intended to favor perfected security interests over other statutory liens. OCGA § 44-14-363 (a) was struck in its entirety in 1972, and a new Code section was adopted which retained the priority provision for mechanic's liens.

In *United States v. Crittenden*,[2] the Fifth Circuit Court of Appeals applied the principle that the most recent legislative pronouncement prevails and held that, as a result, mechanic's liens had priority over perfected security interests under the 1972 reenactment of OCGA § 44-14-363 (a). But in *Newton Ford Tractor Co. v. J. I. Case Credit Corp.*,[3] this Court noted that *Crittenden* did not consider a 1978 amendment to § 11-9-310. As so amended, § 11-9-310 (1) provides that a perfected security interest in collateral takes priority over all liens described in § 44-14-320 "as now or hereafter [provided]." *Newton Ford* held that the quoted language " 'clearly indicates the legislative intent to conclusively establish the priority of a perfected security interest over [the mechanic's lien set forth under § 44-14-363 (a)] and further expresses the intention of the legislature that future amendments to the lien statutes should not be construed

---

[1] See Ga. L. 1884-1885, p. 43, § 1.
[2] 600 F2d 478 (5th Cir. 1979).
[3] 163 Ga. App. 497 (294 SE2d 723) (1982).

as repealing the priority provisions of [§ 11-9-310].' "[4]

The courts in both *Crittenden* and *Newton Ford* could have determined that no conflict existed between the 1972 re-enactment of OCGA §§ 44-14-363 (a) and 11-9-310, simply by holding that a perfected security interest is not a "lien" within the meaning of the former statute. This approach was not taken in either case.

OCGA §§ 11-9-310 and 44-14-363 were again amended in 1985.[5] Section 1 of the 1985 Act amended subsection (1) of OCGA § 11-9-310 and added a subsection (2), and section 2 of the Act amended § 44-14-363 (a).

As amended, OCGA § 11-9-310 (2) gives a mechanic's lien on farm equipment and machinery priority over any perfected security interest unless the secured party has filed a financing statement describing the particular piece of machinery or equipment to which the security interest applies.[6] OCGA § 11-9-310 (1) now states: "Except as is expressly provided to the contrary elsewhere in this article and in subsection (2) of this Code section, a perfected security interest in collateral takes priority over [the liens described in § 44-14-320] *as now or hereafter amended. . . .*" (Emphasis supplied.)

OCGA § 44-14-363 (a) was amended in two respects. First, a provision was added stating that if mechanic's liens "are asserted by retention of the personal property, the mechanic shall not be required to surrender the property to the holder of a subordinate security interest or lien." Second, recognition was given to the change in § 11-9-310. In this regard, § 44-14-363 (a) now provides that mechanic's liens "shall be superior to all liens except liens for taxes and, *except as provided in subsection (2) of Code Section 11-9-310*, such other liens as the mechanic may have had actual notice of before the work was done or material furnished." (Emphasis supplied.)

In this case, the superior court found the same conflict between OCGA §§ 11-9-310 (1) and 44-14-363 (a) as did the Fifth Circuit court in *Crittenden*. Consistent with both *Crittenden* and *Newton Ford*, the court determined that a security interest is a "lien" within the meaning of § 44-14-363 (a), rejecting NationsBank's argument to the contrary. The court concluded that mechanic's liens now have general priority over perfected security interests, reasoning that the 1985 Act made a substantive change to § 44-14-363 (a) but not to § 11-9-310 (1).

---

[4] Id. at 498.

[5] Ga. L. 1985, p. 1107.

[6] See *Goodin v. South Atlantic Production Credit Assn.*, 201 Ga. App. 35, 36 (1) (410 SE2d 159) (1991) (holding that a financing statement contained a sufficient description of farm equipment and machinery so as to give the holder of the perfected security interest priority over a mechanic's lien).

The 1985 Act effects substantive changes to both OCGA §§ 11-9-310 and 44-14-363 (a). The amendment to § 11-9-310 gives mechanic's liens on farm equipment and machinery priority over perfected security interests unless the secured party has filed the requisite financing statement. The amendment to § 44-14-363 (a) recognizes this limited priority for mechanic's liens and makes clear that even if the mechanic has actual notice of a security interest in farm machinery and equipment, his lien still has priority unless the financing statement has been filed. The 1985 Act retains the "as now or hereafter [provided]" language in § 11-9-310 (1), which formed the basis for the *Newton Ford* court's determination that perfected security interests continue to have priority over mechanic's liens. The 1985 Act continues in effect this general priority.[7]

Consequently, NationsBank's security interest takes priority over Georgia Carpet Finisher's mechanic's lien. Based on the undisputed facts and the facts as found, the finisher is not entitled to any judgment against the bank. The judgment of the trial court is reversed, and the court is directed to enter judgment in favor of the bank on the counterclaim.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 17, 1998.

*Wilson, Strickland & Benson, L. Lou Allen, John K. Rezac*, for appellant.

*Jones & Ledbetter, Howard W. Jones, Hine & Niedrach, Edward Hine, Jr.*, for appellees.

---

[7] See *Southern Horizons Aviation v. Farmers & Merchants Bank &c.*, 231 Ga. App. 55 (497 SE2d 637) (1998).