## 43068. PROPHECY CORPORATION v. CHARLES ROSSIGNOL, INC. et al.
(343 SE2d 680)

Gregory, Justice.

Charles Rossignol and Charles Rossignol, Inc., former manufacturer's representatives for Prophecy Corporation, sued Prophecy for compensation allegedly due under an employment contract. Rossignol maintained that after Prophecy terminated its business relationship with him, Prophecy mailed him a check purporting to represent final commissions owed him from which Rossignol claimed excessive deductions had been made. Prophecy raised the defense of accord and satisfaction in that Rossignol had cashed the check. The dispositive issue before the trial court was whether a conversation between Rossignol and the President of Prophecy, in which the two allegedly agreed to further negotiate the deductions, occurred prior to the time Rossignol cashed the check. The trial court granted summary judgment to Prophecy, finding that Rossignol's affidavit intentionally contradicted his deposition testimony with respect to this crucial time frame. A majority of the Court of Appeals reversed, *Charles Rossignol, Inc. v. Prophecy Corp.,* 177 Ga. App. 245 (339 SE2d 288) (1985), concluding that under *King v. Brasington,* 252 Ga. 109 (312 SE2d 111) (1984), only intentionally contradictory testimony of a respondent will be construed against him on motion for summary judgment. The majority determined that Rossignol's testimony did not "rise to the level of an 'intentional' " contradiction, and therefore the trial court erred in construing the favorable portions of his testimony against him. 177 Ga. App. at 247. The dissent maintained that where there is a *direct* contradiction of a material fact in the respondent's testimony the favorable portions of his contradictory testimony must be construed against him on motion for summary judgment, citing *Tri-Cities Hosp. Auth. v. Sheats,* 247 Ga. 713 (279 SE2d 210) (1981). The dissenters found that since Rossignol's deposition *directly* contradicted his affidavit, the trial court was correct in construing the more favorable portion of Rossignol's testimony against him.

We granted certiorari to clarify the circumstances under which the testimony of a respondent to a motion for summary judgment will

be construed against him.

1. The rule in Georgia is that the testimony of a party who offers himself as a witness in his own behalf at trial " 'is to be construed most strongly against him when it is self-contradictory, vague or equivocal.' " *Douglas v. Sumner*, 213 Ga. 82, 85 (97 SE2d 122) (1957); *W & A Railroad Co. v. Evans*, 96 Ga. 481 (23 SE 494) (1895). Where the favorable portion of a party's self-contradictory testimony is the only evidence of his right to recover or of his defense, the opposing party is entitled to a directed verdict. *Douglas v. Sumner*, supra.

Following the enactment of The Civil Practice Act, the courts were confronted with the analogous situation of construing a party's self-contradictory testimony on motion for summary judgment. Early on the courts determined that if on motion for summary judgment a party offered self-contradictory testimony on the dispositive issue in the case, and the more favorable portion of his testimony was the only evidence of his right to a verdict in his favor, the trial court must construe the contradictory testimony against him. This being so, the opposing party would be entitled to summary judgment. The courts reasoned that this is the correct result because if the case went to trial under the same evidence, the party offering self-contradictory testimony would have a verdict directed against him. *Dykes v. Hammock*, 116 Ga. App. 389 (157 SE2d 524) (1967). Once the trial court has eliminated the favorable portions of the contradictory testimony,[1] it must take all testimony on motion for summary judgment "*as it then stands*, and construe it in favor of the party opposing the motion in determining whether a summary judgment should be granted." *Chandler v. Gately*, 119 Ga. App. 513, 514 (167 SE2d 697) (1969). The courts concluded that this rule must necessarily be applied to summary judgment proceedings, otherwise, "any opposing party may, by the simple device of filing conflicting affidavits, get the motion denied. The temptations to perjury are greater in this situation than in a jury trial. . . . The conflict can easily be avoided. A party knows what he has sworn. If he has discovered error, it can be explained in his affidavit." *Chandler* at 523.

It is essential to note that this is a rule for construing testimony separate from those rules allocating burdens of proof at trial and on motion for summary judgment. That the rule of summary judgment places on the movant the burden of demonstrating that there are no genuine issues of fact *and* that he is entitled to judgment as a matter of law while providing that the party opposing the motion is entitled to all favorable inferences from the evidence does not suspend the

---

[1] We point out that the case before us deals only with "self-contradictory" testimony, and not with "vague" or "equivocal" testimony. See *Douglas v. Sumner*, supra.

application of this rule for construing testimony to summary judgment proceedings. See *Chandler* at 522.

Some confusion in this area has resulted from a question certified to this court by the Court of Appeals, and this court's answer to it in *Burnette Ford, Inc. v. Hayes*, 227 Ga. 551 (181 SE2d 866) (1971). The question certified was "where a party to a case, upon whom the burden of proof upon the trial of the case does not lie, makes a motion for summary judgment, is all of the evidence adduced on said motion, including the testimony of the party opposing the motion, construed most strongly against the movant?" This court correctly answered the question in the affirmative.

In a number of subsequent cases the Court of Appeals held this court's ruling in *Burnette Ford* had modified the rule requiring that a party's self-conflicting testimony be construed against him on motion for summary judgment. These cases interpreted *Burnette Ford* to mean that where there are contradictions in the testimony of a respondent to a motion for summary judgment, the contradiction will not be construed against him; rather, all the evidence, even his own self-contradictory testimony, will be construed in the respondent's favor. See, e.g., *Whittle v. Johnston*, 124 Ga. App. 785 (186 SE2d 129) (1971); *Mathis v. R. H. Smallings & Sons*, 125 Ga. App. 810 (189 SE2d 122) (1972); *Browder v. Aetna Life Ins. Co.*, 126 Ga. App. 140 (190 SE2d 110) (1972); *Columbia Drug Co. v. Cook*, 127 Ga. App. 490 (194 SE2d 286) (1972); *State Farm Mut. Ins. Co. v. Tucker*, 130 Ga. App. 187 (202 SE2d 551) (1973); *Applegarth Supply Co. v. Schaffer*, 130 Ga. App. 353 (203 SE2d 277) (1973); *Ramsey v. Thomas*, 133 Ga. App. 869 (212 SE2d 444) (1975). This interpretation was incorrect. *Burnette Ford v. Hayes*, 227 Ga., supra, states the general rule that on motion for summary judgment all evidence is to be construed against the movant. Neither the facts in *Burnette Ford v. Hayes*[2] nor the question certified by the Court of Appeals involved the rule governing a party-witness' self-contradictory testimony.

In answering the certified question in *Burnette Ford*, this court made reference to *Ryder v. Schreeder*, 224 Ga. 382, 386 (162 SE2d 375) (1968), in which the court applied to a motion for summary judg-

---

[2] We refer to the facts as presented to the Court of Appeals on the merits of the case in *Burnette Ford v. Hayes*, 124 Ga. App. 65 (183 SE2d 78) (1971). It is worthwhile to note that the defendant in *Burnette Ford*, in its brief to the Court of Appeals, contended that the deposition of the plaintiff entitled the defendant to win on summary judgment. The defendant maintained that a later affidavit of the plaintiff *did not* contradict his deposition, but even if it did, the defendant was entitled to rely on the rule that the more favorable portion of the plaintiff's contradictory testimony would be construed against him. Further, we have retrieved the record in *Burnette Ford* from the State Archives. Close attention to the plaintiff's deposition and affidavit fails to disclose any conflicts which would trigger application of the contradictory testimony rule.

ment the rule that the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is "contradictory, vague or equivocal." This reference to *Ryder* was, however, incomplete. The holding of that case is that if a contradiction is explained by the party witness, then the issue is merely one of credibility of the witness, to be determined under the usual rules. In view of the fact that *Burnette Ford* did not involve the issue of self-contradictory testimony, the citation of *Ryder* may have been misplaced, and has, perhaps, contributed to the confusion which has followed *Burnette Ford*.

We conclude therefore that both *Chambers v. C & S*, 242 Ga. 498 (249 SE2d 214) (1978), which applied the contradictory testimony rule to a motion for summary judgment, and *Combs v. Adair Mortgage Co.*, 245 Ga. 296 (264 SE2d 226) (1980), which distinguished *Chambers* from *Burnette Ford*, were correctly decided. Accord *King v. Brasington*, 252 Ga., supra.

2. In each case, whether on motion for summary judgment or at trial, it must be decided if the testimony of a party-witness is contradictory. On summary judgment this is a question for the judge to decide. It is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony.[3] To say that testimony is *directly* contradictory adds nothing to the statement that it is contradictory. Neither does the issue turn on whether the party-witness' second statement *intentionally* contradicts his first. There are situations in which an honest mistake has been made in the first statement; the proper approach is to *intentionally* contradict the first statement by way of explanation. We point out that even where testimony is contradictory, if a reasonable explanation is offered for the contradiction, the testimony will not be construed against the party-witness. The burden rests upon the party giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial judge. *Ryder v. Schreeder*, 224 Ga., supra; *Chandler v. Gately*, 119 Ga. App., supra. On the other hand, a careless and untruthful witness may have simply forgotten what was said in the first statement, and tailored his second statement to meet the needs of the occasion without regard to the truth. He may have no *intent* to contradict the first statement, but surely the law will construe this contradiction against him.

3. The dispositive issue in the case before us is whether the alleged conversation between Rossignol and the President of Prophecy Corporation occurred before or after Rossignol cashed the check in

---

[3] *Webster's Third New International Dictionary* states that to "contradict" is "to assert the contrary."

question. Rossignol first testified on deposition that he could not recall whether he had the crucial conversation before or after he cashed the check. He then responded in the affirmative to a question which asked if he deposited the check prior to the crucial discussion with the President of Prophecy. Elsewhere in his deposition he stated, "There are so many things that were compressed in that time period, dates are very, very hard to remember."

By way of a subsequent affidavit, Rossignol stated, "In my deposition . . . I did not know if I had the conversation . . . before or after I deposited the check in question. Since the deposition I have reviewed my notes and records and have otherwise refreshed my recollection, and I now know I had this conversation before I deposited the check."

Applying the rules laid down in Divisions 1 and 2, we hold that the deposition and affidavit are contradictory, but a reasonable explanation of the contradiction is offered in the affidavit. Therefore, the Court of Appeals correctly held that since the favorable portion of Rossignol's testimony is not to be construed against him, a genuine issue of material fact remains, and the grant of summary judgment to Prophecy was improper.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 28, 1986.

*Redfern, Green & Hoffman, Edwin L. Hoffman,* for appellant.
*Fain, Major, Wiley & Tinkler, Gene A. Major, Mark D. Belcher,* for appellees.