## 74064. STATE OF GEORGIA v. MOZLEY et al.
(357 SE2d 313)

McMURRAY, Presiding Judge.

This is the second appearance of this case in which the sole issue on appeal is whether a financing statement filed by appellees (the Mozleys) against John Jacobson in Cobb County is valid and takes precedence over the State's tax lien. When the case was tried in the superior court, the court, sitting without a jury, held that the

Mozleys' financing statement took priority over the State's tax lien. On the first appeal, the case was remanded to the trial court for further findings of fact and conclusions of law. *State of Ga. v. Mozley*, 171 Ga. App. 1, 3 (3) (318 SE2d 647) (1984).

Briefly stated, the controversy centers on whether the financing statement properly named as debtor Jacobson, a Cobb County resident to whom the Mozleys sold two package stores and contents, or if the actual debtor was a subsequently formed corporation. A complete statement of the facts giving rise to the litigation may be found in the prior opinion. After reviewing these facts, this court determined that under OCGA § 11-9-310, a perfected security interest takes priority over all liens found in OCGA § 44-14-320; that the case was not controlled by OCGA §§ 48-5-28 or 48-2-56 because those provisions are not applicable to sales taxes; and that the issue of whether the financing statement was properly filed in Cobb County was not raised in the court below and therefore could not be addressed.

Concluding that the sole question remaining was whether the financing statement was valid and took priority over the State's tax lien under OCGA § 11-9-310, this court was unable to reach a decision because the findings of fact and conclusions of law were inadequate. The case was remanded with direction that the trial court determine "[t]he issue of whether a corporation was formed . . . in order to decide the remaining issues in the case[,] especially whether it was formed prior to the filing of the Mozleys' financing statement on December 12, 1980. In finding that the Mozleys had no knowledge of the formation of the corporation 'constructive or otherwise,' the court overlooks the U.C.C. requirement of good faith, and the implications flowing from that requirement, as to whether they were required either to file a corrected financing statement as provided under OCGA § 11-9-402 (2) (d) . . . , or to file originally under the corporation's name in Fulton County. [Cit.]

"A second factual determination must be made as to whether any assets were transferred to the corporation. . . . This determination would have to include a construction of, and the effect of, the security agreement which anticipated such a transfer. If no [secured] assets were transferred, then the court would have to determine [what] assets were actually transferred, because the evidence showed that the corporation purchased certain replacement inventory with funds [from] the corporate bank account. It must be further determined whether this inventory would be considered to be an 'accession' under the security agreement." *State of Ga. v. Mozley*, 171 Ga. App. 1, supra at 3.

Upon remand, a hearing was held by the same trial court judge who, after considering all the evidence presented in addition to supplemental briefs filed by both parties, made the following findings of

fact and conclusions of law:

## "FINDINGS OF FACT

"The plaintiffs entered into an agreement dated October 14, 1980, whereby they would transfer to John L. Jacobson their interest in the businesses known as General Package Store and North Fulton Package Store. That the agreement expressly contemplated the formation of a corporation wherein John L. Jacobson would own ninety-eight (98%) percent of the stock and the Mozleys would own two (2%) percent of the stock. That the agreement also provided that Jacobson would furnish to the Mozleys evidence and proof of the actual formation of the corporation and that he would cause the issuance of two (2) shares of stock to the Mozleys, in compliance with the agreement. That on December 4, 1980, Articles of Incorporation were issued for Fulton County Spirit Shop, Ltd. by the Secretary of State.

"That Jacobson never informed the Mozleys of the formation of the corporation, nor furnished them with any evidence or proof of such formation, nor issued any stock to them. That since the Mozleys had not been notified by Jacobson of the formation of the corporation pursuant to the agreement, and since the contemplated name of the corporation, that is Fulton County Spirit Shop, Ltd. had been used by Jacobson from the beginning, that is before December 4, 1980, the Mozleys had no actual or constructive knowledge that such businesses were being operated by the corporation rather than the individual, Jacobson. That there is no documentation concerning the transfer of assets by John L. Jacobson to Fulton County Spirit Shop, Ltd. That there is no evidence of any actual transfer of assets to Fulton County Spirit Shop, Ltd.

"That on December 12, 1980, the Mozleys filed a UCC financing statement in Cobb County under the name of John L. Jacobson. That the plaintiffs acted in good faith in filing said financing statement against John L. Jacobson in Cobb County. That there is evidence that Fulton County Spirit Shop, Ltd. purchased certain replacement inventory; however, there is no evidence of what inventory was or was not replaced. That the parties contemplated in their agreement and the bill of sale security agreement contemplated that the after-acquired inventory would be security for the note.

"That the Mozleys sued John L. Jacobson in Cobb County, which litigation was settled by a settlement agreement dated January 22, 1982, wherein Jacobson stated that *he* operated businesses known as General Package Store and North Fulton Package Store and that he would continue to operate said businesses. That on February 18, 1982, the State Tax Executions were recorded in Fulton County. That the financing statement filed December 12, 1980, was filed prior to the

docketing of the tax lien February 18, 1982.

## "CONCLUSIONS OF LAW

"That the plaintiffs had a perfected security interest in the inventory and assets of the liquor store. That the plaintiffs perfected security interest takes priority over the State's tax lien. That the perfected security interest includes after-acquired property."

The State's enumerations of error on this appeal all pertain to the trial court's findings of fact and the conclusions of law based thereupon. "The sole purpose of vacating the trial court's judgment was to enable the trial court to enter findings of fact and conclusions of law . . . and to reenter a proper judgment based thereon, from which an appeal would then lie. When an appellate court vacates a trial court's judgment and remands for findings of fact and conclusions of law on a specific issue, this does not permit the trial court to reopen the case for other purposes. Instead, the scope of the trial court's authority to act on remand is limited to the specific purpose of making the applicable findings and conclusions." *Marsh v. Way*, 255 Ga. 284, 285 (336 SE2d 795) (1985). In view of the remand of this case for the determination of specified questions of fact, the State's arguments that there was no evidence to support the trial court's findings are unavailing.

We likewise find no merit in the State's contention that the Mozleys' testimony was contradictory and thus must be construed against them. "In each case, whether on motion for summary judgment or at trial, it must be decided if the testimony of a party-witness is contradictory. . . . We point out that even where the testimony is contradictory, if a reasonable explanation is offered for the contradiction, the testimony will not be construed against the party-witness. The burden rests upon the party giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial judge." *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986). It seems apparent that the trial judge, who heard the evidence and arguments offered by the parties, concluded that the Mozleys' attempts to maintain the lease for Mr. Jacobson, which were separate and apart from the transactions of the sale of the business, presented a reasonable explanation for the contradictions challenged by the State.

"Findings of fact of a court sitting without a jury are not to be disturbed on appeal unless clearly erroneous. OCGA § 9-11-52 (a). The 'clearly erroneous' standard requires reversal of a trial court's findings of fact if there is no evidence to support them. [Cit.]" *Richmond County Hosp. Auth. v. Richmond County*, 255 Ga. 183, 191 (2) (336 SE2d 562) (1985). It is implicit from the remand of this case to

decide the unresolved issue that the evidence was in conflict, but there was evidence to support the trial court's findings and conclusions. Consequently, they were not clearly erroneous and reversal is not demanded.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED MAY 15, 1987.

Michael J. Bowers, Attorney General, H. Perry Michael, First Assistant Attorney General, Verley J. Spivey, Senior Assistant Attorney General, Grace E. Evans, Assistant Attorney General, for appellant.

*James W. Friedewald,* for appellees.