75617. PEARSON et al. v. JAMES.
(365 SE2d 524)

POPE, Judge.

Appellee Jerry James filed a complaint against appellants Bruce and Virginia Pearson, alleging that the parties entered into a two-year lease and option to purchase with the lease to terminate on September 14, 1986; but that on December 13, 1985 appellants notified him that they "intended to violate the contract by moving out of the house" by the end of January 1986 and ceasing to pay rent. After appellants' refusal to pay pursuant to a letter dated December 27, 1985 demanding the remaining rent due under the lease, a judgment was sought of $6,000 plus interest, costs and attorney fees. Appellants

responded asserting various defenses, and appellee filed a motion for summary judgment supported by three affidavits in which he averred in pertinent part that after appellants notified him by letter dated December 13, 1985 of their intention to vacate the premises he had his attorney notify them by letter dated December 27, 1985 that he would not allow them to break the lease; that at no time did he agree that this would be acceptable or that he would terminate the contract or "let them out of the lease"; that the premises were not relet until the middle of March 1986; and that the new tenants were currently 3 and one half months behind in their rent payments and the house would be foreclosed upon in 90 days. A copy of the December 13 letter from appellants to appellee was attached to the third affidavit.

In response appellants filed their own affidavits, admitting the existence and terms of the lease contract, but contending that "[o]n or about December 13, 1985, all parties to the lease/contract agreed to abandon and terminate the contract previously entered into"; and that "[a]fter discussing [appellants'] required relocation and the necessity of terminating the lease, [appellee] stated that he had no objections [to] terminating the lease, that he would either sell or re-lease the property"; that appellants had attempted to aid appellee in finding another tenant and had in fact done so; and that the premises were occupied as of the first week in March. A further affidavit of Mrs. Pearson attested that in reliance upon the termination agreement appellants had moved their furniture out of state, paid utility deposits in the amount of $330, forfeited their $300 deposit to appellee and also absolved him from any duties owed under the lease agreement, including any option to purchase the property.

Mrs. Pearson's affidavit also contained attached as an exhibit a letter from her to appellee dated December 29, 1985, written in response to the letter of appellee's attorney to appellants dated December 27. In this letter Mrs. Pearson stated that appellants wished to advise the attorney that his client (James) came to the rental premises on December 22, 1985 and assured appellants that "he had no problem" with their vacating the property between January 15 and 31, 1986, and wished them well in their relocation, stating "at that time that he had not decided if he would re-lease the property or sell it, and that if he did decide to sell it, he would want to put a . . . sign in the yard with his phone number on it. He said he would decide whether he would be selling the property or re-leasing it after Christmas. Your statements, therefore, come as quite a surprise to us." (Indention omitted.)

Based upon this evidence the trial court granted appellee's motion for summary judgment. The court found that Mrs. Pearson's letter of December 13 was the first notice appellee had of appellants' relocation plans because in the court's opinion the "wording and

tone" of the letter did not indicate that it was a confirmation of a previous discussion, as appellants stated in their affidavits. The court further found that another conflict existed in the evidence submitted by appellants in that their affidavits stated that the parties agreed to terminate the lease on December 13, 1985, while the letter written by Mrs. Pearson dated December 29 recited that appellee came to the property and agreed to the termination on December 22. Based on *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), the trial court concluded that because appellants' testimony was contradictory and no reasonable explanation was given, the most favorable portion of the contradictory testimony must be treated as though it did not exist. Thus, the court did not consider any evidence in regard to an agreement to terminate the lease. Appellants enumerate this as error. *Held*:

At the outset we note that appellants' affidavits referred to "*on or about* December 13" as the time the conversation occurred when the parties agreed to terminate the lease, not "*on* December 13" as the trial court found. Since "on or about" December 13 could conceivably include December 22, or there could have been two separate conversations, we cannot agree with the trial court that this inconsistency constitutes a fatal self-contradiction as contemplated by the ruling in *Prophecy Corp.*, supra. The rule is that "[i]t is contradictory if one part of the testimony asserts or expresses *the opposite* of another part of the testimony." (Emphasis supplied.) Id. at 30. Since there was no conflict here amounting to a self-contradiction, no "reasonable explanation" was required. *Chapman v. Burks*, 183 Ga. App. 103 (2) (357 SE2d 832) (1987); *Emory Univ. v. Duncan*, 182 Ga. App. 326 (1) (355 SE2d 446) (1987).

More importantly, the only arguable discrepancy in the appellants' evidence concerned the *date* the alleged agreement to terminate the lease took place, not the *fact* as to whether such an agreement was reached. Thus, if the trial court found that a contradiction took place, it could eliminate only that evidence more favorable to appellants as to which date the agreement was discussed, but could not eliminate evidence that the parties negotiated an agreement on the less favorable date. Since evidence of a lease termination agreement was presented which must be construed most strongly in favor of appellants and against appellee as movant for summary judgment, a question of fact as to whether such an agreement was reached remained for jury determination. It follows that the trial court incorrectly granted summary judgment in favor of appellee on this issue.

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 29, 1988.

*Jeffrey P. Richards*, for appellants.
*Edward H. Saunders, Piers J. Weyant*, for appellee.