A96A1862. RHODES v. ABC SCHOOL SUPPLY, INC.
(476 SE2d 773)

BLACKBURN, Judge.

Thomas A. Rhodes, Sr. appeals the grant of summary judgment on his claim for breach of an oral employment agreement against ABC School Supply, Inc. (ABC). Rhodes sued ABC for wrongful ter-

mination and for unpaid commissions.

Rhodes originally initiated his proceedings against ABC's president, Larry Gross, and its past president, Charles W. Williams, Jr. Shortly after the complaint was served, Gross and Williams repeatedly informed Rhodes that he was an employee of ABC, a corporate entity, and that any claims he had should have been brought against the company. However, when plaintiff refused to dismiss the complaint and did not amend it to add ABC, Gross and Williams moved for summary judgment. At that point, Rhodes moved to add ABC as a party; however, at his subsequent deposition, Rhodes continued to maintain that his contract — which he likened to a joint venture agreement — was with Williams, and later Gross, acting in their individual capacities. The trial court subsequently granted Gross and Williams summary judgment, determining that they had acted in their corporate capacities when they dealt with Rhodes.[1] Contemporaneously, the trial court granted Rhodes' motion to add ABC as a party to the litigation.

ABC subsequently moved for summary judgment based on Rhodes' previous testimony that he had no contractual agreement or understanding with ABC. In response to ABC's motion, Rhodes filed an affidavit averring that: "In making the agreements sued upon, I dealt with [Williams and later with Gross]. . . . Our agreements were oral and I couldn't be certain whether Williams or Gross acted individually or on behalf of ABC. . . . Because of their dismissal from this case, I am now compelled to agree that they acted on behalf of ABC and intended to do so." This was the only evidence offered by Rhodes that his alleged agreement was with ABC. Construing Rhodes' contradictory testimony against him, the trial court found no evidence of an employment agreement with ABC and entered summary judgment against Rhodes. Rhodes appeals.

1. In *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), the Supreme Court held that where the favorable portion of a party's self-contradictory testimony is the only evidence of his right to recover, the opposing party is entitled to summary judgment unless a "reasonable explanation" is offered for the contradiction. On appeal, Rhodes asserts that he offered a reasonable explanation for his contradictory testimony about who the other party was to his employment agreement — particularly that he was uncertain as to what capacity corporate officers were acting in when

---

[1] The summary judgment awarded to Gross and Williams was affirmed by this Court in an unpublished opinion which the Supreme Court declined to review. *Rhodes v. Gross*, 217 Ga. App. XXVII (1995). Rhodes sought additional review of his claims against Williams and Gross in the present appeal. However, upon the motion of Williams and Gross, said claims were previously dismissed. See OCGA § 9-12-40; see also OCGA § 9-11-60 (h).

they allegedly agreed to his employment contract.

The Supreme Court's ruling in *Prophecy* was intended to remove any incentive for witnesses responding to a motion for summary judgment to "tailor" their "statement to meet the needs of the occasion without regard to the truth." Id. at 30. Accordingly, "[t]he burden rests upon the party giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial judge." Id. A trial judge's determination as to the reasonableness of such an explanation will be upheld unless clearly erroneous. *McCurley v. Whitaker Oil Co.*, 193 Ga. App. 527, 531 (388 SE2d 412) (1989); see also *State of Ga. v. Mozley*, 182 Ga. App. 871, 874 (357 SE2d 313) (1987).

In light of the procedural posture of this case, we find the timing of Rhodes' contradictory statement does not make his explanation for the contradiction seem reasonable. "To be reasonable, the explanation must show that an honest mistake has been made in the first statement." (Punctuation omitted.) *Merritt v. State Farm Fire &c. Co.*, 218 Ga. App. 652, 654 (463 SE2d 42) (1995). While Rhodes claims he was confused as to whether Williams and Gross were acting in their corporate capacities, he did not admit to such confusion either when he learned of ABC's corporate identity or when he was faced with substantial evidence that he was employed by ABC. To the contrary, in spite of this evidence, he continued to unequivocally maintain that his contract was with Williams and Gross, apart from ABC.

Had Rhodes admitted to confusion earlier, his explanation may have been perceived differently. However, Rhodes claimed to be confused on the capacity issue only after Gross and Williams received summary judgment and his claim against ABC was jeopardized by his prior statements. Based on this record, the evidence supports a finding that Rhodes' contradictory statement was not reasonably explained. Accordingly, the trial court's determination to strike the favorable portions of Rhodes' contradictory testimony based on *Prophecy* was not clearly erroneous, and its consequent entry of summary judgment in favor of ABC does not demand a reversal.

2. Based on our holding in Division 1, that no evidence of an employment contract exists on this record, it is not necessary to address Rhodes' arguments concerning whether the alleged contract was terminable at will.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 17, 1996 —
RECONSIDERATION DENIED OCTOBER 10, 1996 —

*Arthur F. Millard*, for appellant.

*Parker, Johnson, Cooke & Dunlevie, Everett W. Gee III*, for appellee.