A97A1102. SPENCE et al. v. HAMM et al.
(487 SE2d 9)

Judge Harold R. Banke.

William Spence, Jr., Luanne Spence Taylor, Craig H. Spence, William R. Wingate, Ruth Wingate Downs, and Harry L. Wingate, Jr. (collectively "the Spences") sued the executors of the estate of Clara Davis Spence, including Clara Davis Hamm, Warren Allen Davis, and NationsBank of Georgia, alleging breach of an oral contract to make a will. The trial court granted the executors' motion for summary judgment, and the Spences' appeal, enumerating eight errors.

The following allegations provide the complaint's sole evidentiary support. This case arose in 1968 after Harry L. Wingate, Jr., an attorney, made a deathbed visit to his uncle, Henry T. Spence, Clara Davis Spence's husband of almost 30 years.[1] Wingate and his secretary, a notary, came to finalize a power of attorney he drew up at Henry Spence's request. After the power of attorney was executed, Wingate asked if there was anything more he could do. Henry Spence

---

[1] The Spences' marriage produced no children.

purportedly answered in the negative, explaining that he and his wife agreed to retain their existing mutual will devising everything to the survivor on the condition that Mrs. Spence would execute a new will after his death leaving half her estate to his nieces and nephews. Mrs. Spence then allegedly asked Wingate to draft such a will, but he declined due to his status as Mr. Spence's beneficiary. During this exchange, Mr. Spence asked Wingate to handle the probate proceedings and assist Mrs. Spence. After Mrs. Spence died 25 years later, Wingate learned that, with one minor exception, she had bequested the entirety of her estate to her brother and his two children.

Wingate and Mr. Spence's other alleged beneficiaries then commenced this action against the executors of Mrs. Spence's estate, alleging breach of contract to make a will. They also sought the imposition of a constructive trust on half of the estate. In addition to the allegations of Wingate and his secretary, they supported their claim with the affidavit of Dorothy Spence, Mr. Spence's 95-year-old sister, who corroborated Wingate's assertions. The trial court granted the executors' motion for summary judgment, finding, inter alia, that attorney-client privilege barred their testimony and Dorothy Spence's affidavit consisted of inadmissible hearsay. *Held*:

1. The attorney-client privilege barred the admission of the statements of Wingate and his secretary. Communications between attorneys and clients arising from their professional relationship are privileged. OCGA § 24-9-25. The privilege belongs to the client and continues even after the client's death. *Moclaire v. State*, 215 Ga. App. 360, 363 (5) (451 SE2d 68) (1994).

By his own admission, Wingate was acting as the couple's lawyer when the conversation at issue occurred. On deposition, Wingate testified that Mr. Spence had told him, "Clara and I want to meet with you and talk about our affairs." When asked if he understood that he was acting in his capacity as an attorney rather than as a nephew, Wingate answered, "Oh yes; absolutely."[2] This testimony is sufficient to show that the couple was acting as a unit to sort out their finances in the face of Mr. Spence's impending death and belies the contention that Wingate's representation was limited solely to his uncle. Wingate's own testimony, particularly his admission regarding his professional role, convinces us that the communications regarding the Spences' financial affairs were privileged. See also *Huddleston v. State*, 259 Ga. 45, 46 (1) (376 SE2d 683) (1989) (attorney-client rela-

---

[2] The trial court's rejection of Wingate's attempt to recant this testimony in a second deposition pursuant to *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986), is not clearly erroneous. *Rhodes v. ABC School Supply*, 223 Ga. App. 134, 136 (1) (476 SE2d 773) (1996).

tionship arises when legal advice is sought and received). The privilege applies equally to Wingate's secretary. *Taylor v. Taylor*, 179 Ga. 691, 693 (177 SE 582) (1934).

Notwithstanding Wingate's argument to the contrary, the "joint representation" exception to this rule does not alter our conclusion. This exception arises when two or more persons consult with the same counsel and relates to communications attendant to that representation. But it applies only during subsequent litigation between the parties. *Peterson v. Baumwell*, 202 Ga. App. 283, 284-285 (2) (414 SE2d 278) (1991). The litigation here is not between Mr. and Mrs. Spence or their estates.

Nor does the precept prohibiting the invocation of the privilege by strangers to the relationship require a different result. Compare *Cleary v. Burlington Indus.*, 193 Ga. App. 81, 82 (387 SE2d 36) (1989). Clara Spence's executors are no strangers to the relationship. See OCGA § 53-7-49; see *Ga. Intl. &c. Ins. Co. v. Boney*, 139 Ga. App. 575, 576-577 (1) (228 SE2d 731) (1976) (administrator of estate cannot waive decedent's privilege). On the contrary, they " '[stand] in the place of the deceased.' " (Citation omitted.) *Ringer v. Lockhart*, 240 Ga. 82, 84 (239 SE2d 349) (1977).

2. The trial court properly refused to admit Dorothy Spence's affidavit into evidence. In her affidavit, Dorothy Spence attested that two of her brothers had visited the dying Mr. Spence, who told them he intended to leave his entire estate to his wife, provided she left half her estate to his nieces and nephews. She further attested that her brothers related this information to her. This evidence, clearly offered for its truth, constituted inadmissible hearsay within no cognizable exception to the rule. See *Banks v. Patton*, 202 Ga. App. 168, 169 (1) (413 SE2d 744) (1991). Absent any competent evidence supporting the Spences' breach of contract claim or request for a constructive trust, summary judgment was appropriate.

3. In light of this finding, we need not reach the Spences' remaining enumerations.

*Judgment affirmed. Birdsong, P. J., concurs. Ruffin, J., concurs in the judgment only.*

DECIDED APRIL 18, 1997 —
RECONSIDERATION DENIED MAY 6, 1997 — Before Judge Gray.

*Moore, Clarke, DuVall & Rodgers, James H. Moore III, Luanne Clarke*, for appellants.

360

*Gardner, Willis, Sweat & Goldsmith, Donald A. Sweat*, for appellees.