A00A2345. TOUCHTON et al. v. AMWAY CORPORATION et al.
(543 SE2d 782)

MIKELL, Judge.

Don and Sue Ellen Touchton ("appellants") filed this action against Amway Corporation ("Amway") and several individuals in the Amway distribution network, asserting claims of fraud, breach of contract, and violations of the Sale of Business Opportunities Act ("SBOA"), OCGA § 10-1-410 et seq. The trial court granted Amway's motion for summary judgment on all claims. Appellants appeal the judgment only as to the SBOA claims, contending that the court erred in finding that those claims are barred by the two-year statute of limitation. OCGA § 10-1-401 (a) (1).[1] We disagree and affirm.

---

[1] In *League v. U. S. Postamatic*, 235 Ga. App. 171, 173-174 (3) (508 SE2d 210) (1998), we

In reviewing grants of summary judgment, "this [c]ourt conducts a de novo review of the law and the evidence." *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997). To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Contrary to appellants' argument, we conclude that the trial court properly held that the SBOA claims are barred by the statute of limitation. Appellants alleged that Amway violated OCGA § 10-1-411 (a) (1), which prohibits pyramid marketing programs, by participating in the operation of a network of Amway distributors known as the Yager network. Appellants claim the Yager network is directed primarily at the recruitment of new members rather than the sale of Amway products. Similarly, appellants claim that Amway, through the actions of the Yager network, violated OCGA § 10-1-414, which prohibits sellers from representing, without supporting documentation, that a business opportunity or multilevel program provides income or earning potential.

Claims for damages under the SBOA may not be brought more than two years after a claimant knew or should have known of the occurrence of the alleged violation. *League v. U. S. Postamatic*, 235 Ga. App. 171, 174 (3) (508 SE2d 210) (1998). Appellants' deposition testimony demonstrates that they knew or should have known of the alleged SBOA violations as early as 1988. It is undisputed that appellants became associated with Amway in September 1986 when they applied to be Amway distributors. As part of the application process, appellants purchased Amway's Business Reference Manual containing the Amway Rules of Conduct, which define the duties and responsibilities of distributors. However, appellants admitted that they did not read the manual until after leaving Amway in 1995. Appellants were part of the Yager network.

Mr. Touchton stated that he first became aware of wrongdoing by the Yager network at a seminar he and his wife attended in May 1988, when they had a "very, very rude awakening." Appellants realized that the Yager network violated Amway rules by operating a recruitment-based system and focusing on the sale of non-Amway motivational materials. According to appellants, immediately following the seminar, they were told by two senior distributors that "even though [Amway] did not approve of the [Yager] system, they would

---

held that because OCGA § 10-1-417 (b) makes any violation of the SBOA a violation of the Fair Business Practices Act ("FBPA"), OCGA § 10-1-390 et seq., claims for damages under the SBOA are governed by the two-year statute of limitation provided by the FBPA.

not do anything about it for fear that Yager may pull his people out of Amway. . . ." Appellants' 1995 document "A History of Our Business" provides that they continued to become aware of the abuses of the Yager network in 1988 and 1989, when they learned that a larger percentage of network earnings was derived from non-Amway items and recruitment than from the sale of Amway products. Therefore, based on the evidence in the record, the statute of limitation began to run at the end of 1989, at the latest, and expired in 1991. Appellants did not file this action until March 28, 1996.

We reject appellants' contention that an affidavit Mr. Touchton filed in response to Amway's motion for summary judgment raises a genuine issue of material fact. The affidavit, in which Mr. Touchton swore that he and his wife did not become fully aware of the alleged wrongdoing in the Yager network and Amway until November 1995, directly contradicts appellants' earlier deposition testimony.

It is well settled that a party cannot survive summary judgment by contradicting his own prior testimony. *Tri-Cities Hosp. Auth. v. Sheats*, 247 Ga. 713, 714 (279 SE2d 210) (1981); *Harrison v. Beckham*, 238 Ga. App. 199, 202 (2) (518 SE2d 435) (1999). In *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), the Supreme Court left open the possibility that a party may offer a reasonable explanation for his contradictory testimony. However, the Court held that "the burden rests upon the party giving the contradictory testimony to offer a reasonable explanation; and whether this has been done is an issue of law for the trial judge." Id. at 30 (2). "A trial judge's determination as to the reasonableness of such an explanation will be upheld unless clearly erroneous." *Rhodes v. ABC School Supply*, 223 Ga. App. 134, 136 (1) (476 SE2d 773) (1996).

In a detailed order, the trial court rejected the contradictory portions of Mr. Touchton's self-serving affidavit, and we conclude that the decision was not clearly erroneous. Contrary to appellants' argument, Touchton's earlier testimony was not ambiguous, and his affidavit fails to provide a reasonable explanation for the contradiction. See *Worley v. State Farm &c. Ins. Co.*, 208 Ga. App. 805, 807 (432 SE2d 244) (1993).

Absent Mr. Touchton's affidavit to the contrary, the record demonstrates that appellants were aware of the alleged wrongdoing within the Yager network and Amway in 1988 and 1989. Furthermore, even if appellants were not fully aware that the alleged abuses within the Yager network constituted SBOA violations, any failure to discover their claims is the result of appellants' lack of diligence and will not toll the statute of limitation. "Mere ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitations, for a plaintiff must exercise reasonable diligence to learn of the existence of a cause of action." (Citations omit-

ted.) *Limoli v. First Ga. Bank*, 147 Ga. App. 755, 757 (250 SE2d 155) (1978). Thus, the record shows that appellants knew or should have known of the alleged SBOA violations in 1988 and 1989, and the trial court properly held that their claims were time-barred.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED DECEMBER 11, 2000.

*Warlick, Tritt & Stebbins, Edward L. Speese*, for appellants.
*Fulcher, Hagler, Reed, Hanks & Harper, James W. Purcell*, for appellees.