A01A0574. TONGNAN FA CORPORATION v. WANG et al.

(547 SE2d 370)

MIKELL, Judge.

This is a personal injury action arising from severe burns plaintiff James Z. Wang sustained while cooking with a covered pot purchased from Tongnan Fa Restaurant Supplies. Tongnan Fa Corporation ("Tongnan") appeals the trial court's denial of its motion for summary judgment. Because we find that genuine issues of material fact remain for jury resolution, we affirm.

"A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[1]

So viewed, the evidence shows that Wang began working as the head chef at the Mandarin Garden Restaurant in Atlanta on November 16, 1996.[2] As head chef, he was responsible for purchasing the equipment for the kitchen from Tongnan. Wang testified that about a month after he began working at Mandarin Garden, he purchased a 20-quart pot and lid along with several other items from Tongnan.

---

[1] (Citation and punctuation omitted.) *Urban v. Lemley*, 232 Ga. App. 259 (501 SE2d 529) (1998).

[2] Wang has worked as a cook in Chinese restaurants since arriving in the United States in 1966. Wang has been the "head" or "chief" chef at several restaurants since moving to Atlanta in 1972, some of which he has owned.

The invoice introduced into evidence, which was written by a Tongnan employee and signed by Wang, showed that Wang purchased these items on December 13, 1996.

Wang deposed that he picked out the pot from a high shelf and that Takyum Ho, co-owner of the store, placed the pot on the floor for him. Wang recalled that he told Ho that he needed a lid for the pot and that Ho retrieved a lid from a lower shelf and placed it on the pot. Ho testified, however, that it is the store policy to allow customers to choose their supplies with no interference from the store employees.

Wang, who was deposed twice,[3] stated that he used the pot once per week. Wang testified during his first deposition that from his first use of the pot and lid, he noticed that the lid fit tightly. In his second deposition, however, Wang testified that there was nothing unusual about the way the lid fit the pot but he did recall noticing that it was a little tight on one occasion.

On August 2, 1997, Wang used the pot and lid to cook chicken soup. Once he thought the soup was done, Wang tried to open the lid and found that it was very tight. When he removed the lid, there was an explosion of steam and soup, and Wang was burned. As a result of the injuries he sustained,[4] Wang sued Tongnan for negligence and breach of implied warranty, alleging that Tongnan should not have sold him a pot and lid from different manufacturers. Tongnan filed a motion for summary judgment,[5] which the trial court denied. Tongnan appeals.

To state a cause of action for negligence in Georgia, there must be (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.[6] The pivotal question here is whether Tongnan breached the duty it owed Wang by selling a pot from one manufacturer with a lid from another or by failing to warn Wang that he should not use the items together. The existence of several disputed issues of fact preclude us from answering this question as a matter of law.[7]

There is a genuine issue of disputed fact as to whether Wang was

---

[3] The first deposition was taken in the absence of defense counsel, but was necessary to preserve Wang's testimony in light of an impending surgery.

[4] As of July 5, 2000, the total amount of Wang's medical bills was near $1 million.

[5] The breach of warranty claim was abandoned during the hearing on the motion for summary judgment.

[6] *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982).

[7] OCGA § 9-11-56 (c).

sold items from different manufacturers. Wang testified that he did not look at the brand names when he purchased the lid and pot nor did he notice whether they were different before the incident occurred. The sales receipt does not specify the brand names of the items. The pot and lid labeled as exhibits during Wang's deposition were made by different manufacturers. However, Wang testified that they were not the items he was using when the accident occurred.

Wang's testimony is disputed by that of the manager of the restaurant, Mei Lien Cheng. Cheng testified that she knew that the pot and lid at Wang's deposition were those involved in Wang's accident because they were the only ones of that size in the kitchen. Further, she had instructed someone in the kitchen crew to wash the pot and lid and to give it to her the next day, and they complied. Cheng could not recall which employee gave her the items.

There is also a disputed issue of fact about whether Wang chose the lid or Ho chose the lid for him. Wang testified that he picked out the pot at Tongnan and that he asked Ho to give him the lid that fit the pot. Ho, however, has testified that the store employees do not pick items or comment upon items chosen by customers. The record is devoid of any evidence of the course of conduct of Tongnan employees if they are asked to assist in a customer's choice of items. The resolution of this issue may ultimately rest upon the credibility of the witnesses. This Court cannot resolve the credibility of witnesses on summary judgment.[8]

Tongnan argues that we should construe Wang's conflicting testimony about whether the lid fit the pot against him under the rule set forth in *Prophecy Corp. v. Charles Rossignol, Inc.*[9] In so doing, however, before determining whether Wang's knowledge of the tight fit relieves Tongnan of liability,[10] the disputed issues of fact discussed above must be resolved by a jury.[11] Accordingly, we affirm.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MARCH 28, 2001.

---

[8] *Jenkins v. Brice*, 231 Ga. App. 843, 844 (499 SE2d 734) (1998).

[9] 256 Ga. 27 (343 SE2d 680) (1986). "The testimony of a party who offers himself as a witness in his own behalf at trial is to be construed most strongly against him when it is self-contradictory, vague or equivocal." (Citations omitted.) Id. at 28 (1).

[10] See *Moore v. ECI Mgmt.*, 246 Ga. App. 601, 605-607 (2) (542 SE2d 115) (2000) (seller does not have a duty to warn of a danger where the person using the product should know of the danger or should in using the product discover the danger).

[11] We note that *Moore*, supra, also provides that "[w]hether a duty to warn exists . . . depends upon the foreseeability of the use in question, the type of danger involved, and the foreseeability of the user's knowledge of the danger [and that these] matters generally are not susceptible of summary adjudication." (Punctuation omitted.) Id. at 606-607.

*Magill & Atkinson, Thomas E. Magill, Lisa R. Bliss,* for appellant.

*Cozen & O'Connor, Christopher J. P. York, Jewett & Clark, C. Lawrence Jewett, Jr., Robin F. Clark,* for appellees.