**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 18, 2024**

# In the Court of Appeals of Georgia

A24A0545. POLLARD v. GREAT DANE, LLC.

RICKMAN, Judge.

Jacquelyn Pollard appeals from the order of the State Court of Chatham County which granted summary judgment in favor of Great Dane LLC d/b/a Great Dane Trailers ("Great Dane") on her claim for loss of consortium stemming from an injury to her husband Morris Pollard. On appeal, Mrs. Pollard argues, inter alia, that: (1) Mr. Pollard has no standing to contest the issues in this case; and (2) her admission in another case does not preclude her from proceeding with her loss of consortium claim. For the reasons that follow, we reverse.[1][2]

---

[1] Mrs. Pollard failed to comply with Court of Appeals Rule 23 (a) regarding the filing of a brief within 20 days after her appeal was docketed. On November 29, 2023, this Court ordered Mrs. Pollard to file an enumeration of errors and brief no later than December 11, 2023. Great Dane and Mr. Pollard have moved to dismiss Mrs.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We apply a de novo standard of review and view the evidence in the light most favorable to the nonmovant." (Citation and punctuation omitted.) *Hays v. Georgia Farm Bureau Mut. Ins. Co.*, 314 Ga. App. 110, 110-111 (722 SE2d 923) (2012).

So viewed, the record shows that Mr. Pollard was injured on October 2, 2015, when a lift gate on his work truck malfunctioned. Mr. Pollard later sued Great Dane, alleging that the company had negligently repaired the lift gate. Mrs. Pollard intervened in the lawsuit and asserted a claim for loss of consortium. In a deposition, Mrs. Pollard testified that she and Mr. Pollard separated in March 2018 and that she

Pollard's appeal, arguing that her brief was not timely filed and that she failed to comply with the Court's November 29 order. Mrs. Pollard submitted a brief on December 10, 2023, but it lacked a word count certification and was rejected by our clerk's office. Mrs. Pollard resubmitted the brief on December 13, 2023, with the required certification. Under these circumstances, we exercise our discretion to deny the motions to dismiss. See Court of Appeals Rule 23 (a).

[2] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of considering the case en banc.

filed for divorce in June 2018.[3] When asked in her deposition about the form of her losses, Mrs. Pollard only stated that she should get "half of what he's getting." Both Mr. Pollard and Great Dane moved for summary judgment on Mrs. Pollard's loss of consortium claim. In response, Mrs. Pollard filed an affidavit in which she stated that she had suffered the loss of certain marital rights and duties, and the trial court denied the motions for summary judgment filed by Mr. Pollard and Great Dane.

In 2023, Mr. Pollard filed a petition for divorce. In his petition, Mr. Pollard alleged that the parties had separated on July 20, 2015. On August 11, 2023, Mrs. Pollard filed a verified answer and counterclaim, admitting and alleging that the parties had separated on July 20, 2015.

Counsel for Great Dane informed Mrs. Pollard's counsel in this case that both parties in the 2023 divorce proceeding had alleged that they had separated on July 20, 2015 — before the date of Mr. Pollard's injury. The next day, Great Dane included the same information in a filing in this case objecting to Mr. Pollard's proposed special verdict form. In that filing, Great Dane noted that the trial court had previously denied the motions for summary judgment filed by Mr. Pollard and Great Dane "on the basis

---

[3] Mrs. Pollard subsequently dismissed her divorce action against Mr. Pollard.

that there was at that time a dispute of fact" regarding Mrs. Pollard's loss of consortium claim, and asserted that "no such dispute of fact remains now that she has admitted the separation predated Mr. Pollard's injury." Great Dane requested, inter alia, a prompt hearing so the parties could prepare for the trial, which was scheduled to begin in less than three weeks, and "that Mrs. Pollard be ordered to show cause why her claim can stand given her admission that she and Mr. Pollard were already separated at the time she alleges she lost his consortium[.]" Mrs. Pollard then amended her answer and counterclaim in the divorce proceeding to deny that the parties had separated on July 20, 2015, and allege that they separated on or about April 2018.

Following oral argument in chambers, the trial court entered an order granting summary judgment against Mrs. Pollard and in favor of Great Dane on Mrs. Pollard's loss of consortium claim "both on the [c]ourt's own motion and the renewed motions, orally made in chambers, of Morris Pollard and Great Dane."

This appeal followed.

1. Mrs. Pollard has included in her enumerations of error a claim that Mr. Pollard has no standing to contest the issues in this matter. In the argument section

of her appellate brief, Mrs. Pollard simply restates this claim of error and asserts that "[a]s explained in her brief before the lower court, Morris has no standing. R-50." To the extent that this is an attempt by Mrs. Pollard to incorporate by reference arguments she made in a brief filed with the trial court,

> [t]his practice is not approved by this Court and we decline to look in the record for matters which should have been set forth in the brief. Moreover, if we were to permit this practice a party could evade entirely the page limitations on briefs established in our Rules. See Court of Appeals Rule 24 (f). Accordingly, we have limited our review of [Mrs. Pollard's] arguments to those actually made in her appellate brief.

(Citation and punctuation omitted.) *Ellison v. Burger King Corp.*, 294 Ga. App. 814, 815 (1) (670 SE2d 469) (2008). Given that Mrs. Pollard has made no actual argument explaining how the trial court erred in this regard, this enumeration of error is deemed abandoned. See Court of Appeals Rule 25 (d) (1).

2. Mrs. Pollard maintains that her admission in the 2023 divorce proceeding that she and Mr. Pollard separated on July 20, 2015, does not preclude her from proceeding with her loss of consortium claim. As noted previously, Mrs. Pollard testified during her deposition that she and her husband separated in March 2018, which was after Mr. Pollard was injured on October 2, 2015.

Under the rule set forth in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), parties' "self-contradictory, vague or equivocal" testimony is construed against them on summary judgment, absent a reasonable explanation. (Citations and punctuation omitted.) Id. at 28 (1), 30 (2). Relying on *Prophecy*, the trial court granted summary judgment to Great Dane, determining that it had heard no reasonable explanation for the contradiction from Mrs. Pollard or her counsel. Implicitly disregarding Mrs. Pollard's contradictory testimony in her favor, the trial court concluded that Mrs. Pollard's admissions in her verified August 11, 2023 filing that the separation occurred July 20, 2015, meant that Mr. Pollard's injury could not have been the proximate cause of any loss of consortium because the Pollards had already separated at the time of his injury.

(a) *Standard of review.*

This Court has fallen into the practice of incorrectly reciting that, under *Prophecy*, our review of determinations whether an explanation is reasonable is performed using Georgia's clearly erroneous standard, which is equivalent to the any evidence standard.[4] See, e. g., *Bithoney v. Fulton-DeKalb Hosp. Auth.*, 313 Ga. App.

---

[4] Georgia's practice of equating these standards differs from the practice in federal courts. Our Supreme Court has granted a writ of certiorari to consider whether

335, 342 (III) (1) (721 SE2d 577) (2011). That line of cases is wrong. The rule governing a party-witness's self-contradictory testimony is an evidentiary rule. See *Chandler v. Gately*, 119 Ga. App. 513, 522 (3) (167 SE2d 697) (1969), cited in *Prophecy*, 256 Ga. at 30 (2). When reviewing a trial court's evidentiary rulings, we apply the "clearly erroneous" or any evidence standard to the trial court's *factual* findings. See *Morrell v. State*, 313 Ga. 247, 251 (1) (869 SE2d 447) (2022) ("The clearly erroneous standard is equivalent to the highly deferential "any evidence" standard, which means we will not reverse a trial court's *factual findings* if there is any evidence to support them.") (emphasis supplied). But the determination whether a party-witness has or has not offered a reasonable explanation for self-contradictory testimony is not a factual finding. Rather, our Supreme Court held in *Prophecy* that such a determination "is an issue of *law* for the trial judge." (Emphasis supplied.) *Prophecy*, 256 Ga. at 30 (2). We review conclusions of law de novo. See *Auto-Owners Ins. Co. v. Crawford*, 240 Ga. App. 748, 750 (1) (525 SE2d 118) (1999) ("An appellate court . . . owes no deference to the conclusions of a trial court in regard to legal questions.").

---

to overrule its precedent equating these standards. *Capote v. State*, 2024 Ga. LEXIS 52 (Case No. S23C1127, decided Feb. 20, 2024).

We have found no decision by our Supreme Court holding or suggesting that we should use a "clearly erroneous" standard to review a trial court's ruling on the legal question of how to construe a party-witness's self-contradictory testimony in a summary judgment case. This Court appears to have first applied that standard in a 1989 summary judgment case, *McCurley v. Whitaker Oil Co.*, 193 Ga. App. 527, 531 (1) (388 SE2d 412) (1989). Although we acknowledged in *McCurley* that whether the party-witness had offered a reasonable explanation for self-contradictory testimony was a question of law for the trial court, id. at 530 (1), we nevertheless held that the trial court's conclusion on that issue had "not been shown on appeal to be clearly erroneous." Id. at 531 (1). Our sole support for that standard was *State of Ga. v. Mozley*, 182 Ga. App. 871, 874 (357 SE2d 313) (1987). See *McCurley*, 193 Ga. App. at 531 (1).

But *Mozley* does not support that standard. In that case, we reviewed a factual finding made by a trial court in a bench trial, not a legal conclusion reached in a summary judgment proceeding. See *Mozley*, 182 Ga. App. at 874-875. We applied the "clearly erroneous" standard in *Mozley* because that was the standard required by

8

OCGA § 9-11-52 (a) for "[f]indings of fact of a court sitting without a jury. . . ." (Citations and punctuation omitted.) Id. at 874.

The grant or denial of summary judgment, of course, does not involve findings of fact. So our decision in *McCurley* to apply the "clearly erroneous" standard to a trial court decision on a question of law in a summary judgment case is not well-founded. Our current body of case law using that incorrect standard flows from *McCurley* or its progeny. We therefore overrule those decisions, which are listed in the margin.[5]

---

[5] The decisions we overrule are the following, as well as any other decisions of this Court to the extent they hold that we use the "clearly erroneous" standard to review a trial court's determination that a party-witness on summary judgment failed to offer a reasonable explanation for self-contradictory testimony: *DeKalb County School Dist. v. DeKalb Agriculture Technology & Environment*, 369 Ga. App. 829, 841 (7) (894 SE2d 646) (2023); *Berrian v. Max Grin, LLC*, 369 Ga. App. 761, 766 (2) (b) & n. 25 (894 SE2d 500) (2023); *Cottingham v. Sapp*, 344 Ga. App. 651, 652-653 (2) (811 SE2d 442) (2018); *Price v. Thapa*, 323 Ga. App. 638, 640 n. 2 (745 SE2d 311) (2013); *Sikes v. Great Lakes Reinsurance (UK) PLC*, 321 Ga. App. 136, 138 (741 SE2d 263) (2013); *Bithoney*, 313 Ga. App. at 342 (III) (1); *White v. Shamrock Bldg. Systems*, 294 Ga. App. 340, 349 (6) (669 SE2d 168) (2008); *Bass Custom Landscapes v. Cunard*, 258 Ga. App. 617, 621 (2) (575 SE2d 17) (2002); *Touchton v. Amway Corp.*, 247 Ga. App. 269, 271 (543 SE2d 782) (2000); *Spence v. Hamm*, 226 Ga. App. 357, 358 (1) n. 2 (487 SE2d 9) (1997) (physical precedent only); *Rhodes v. ABC School Supply*, 223 Ga. App. 134, 136 (1) (476 SE2d 773) (1996); *McCurley*, 193 Ga. App. at 531 (1).

Principles of stare decisis do not require a different conclusion. "When we consider whether an earlier decision ought to be reexamined, we consider a number of factors, including the age of the precedent, the reliance interests involved, the workability of the prior decision, and most importantly, the soundness of its reasoning." (Citation and punctuation omitted.) *Southall v. State*, 300 Ga. 462, 467 (1) (796 SE2d 261) (2017).

Although the precedents using this erroneous standard date back to 1989, they "are neither ancient nor entrenched within our judicial system." (Citation and punctuation omitted.) *Williams v. Harvey*, 311 Ga. 439, 451 (1) (b) (858 SE2d 479) (2021). They involve an issue "of appellate procedure, not contract, property, or other substantive rights in which anyone has a significant reliance interest. Overruling these cases [would] course-correct an important aspect of appellate procedure[.]" (Citation and punctuation omitted.) Id. The "clearly erroneous" standard, which we have equated with the "any evidence" standard, see *Bithoney*, 313 Ga. App. at 342 (III) (1), is a poor fit for a ruling on an issue of law, not fact. Finally, "[t]he significant unsoundness of [the] reasoning [upon which this line of cases rests], which is the most

important factor in our stare decisis consideration, cuts heavily in favor of overruling [the cases]." *Williams*, 311 Ga. at 451 (1) (b).

(b) *Reasonable explanation for contradictory testimony.*

In *Prophecy*, our Supreme Court addressed, in the context of summary judgment proceedings, the evidentiary rule that "the testimony of a party who offers himself as a witness in his own behalf at trial is to be construed most strongly against him when it is self-contradictory, vague or equivocal." (Citations and punctuation omitted.) *Prophecy*, 256 Ga. at 28 (1). The Court explained that even where a party-witness's testimony is contradictory, "if a reasonable explanation is offered for the contradiction, the testimony will not be construed against the party-witness. The burden rests upon the party giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial judge." Id. at 30 (2).

"[T]he *Prophecy* rule is aimed at discouraging a party's temptation to commit perjury during a civil trial's summary judgment phase[.]" *Thompson v. Ezor*, 272 Ga. 849, 852 (2) (536 SE2d 749) (2000). It is "intended to remove any incentive for witnesses responding to a motion for summary judgment to tailor their statement to

meet the needs of the occasion without regard to the truth." (Citation and punctuation omitted.) *Rhodes v. ABC School Supply*, 223 Ga. App. 134, 136 (1) (476 SE2d 773) (1996). See *Mills v. Parker*, 253 Ga. App. 620, 623 (1) (a) (560 SE2d 42) (2002). The rule is not meant to punish a party who makes a mistake by preventing her from presenting her case to a jury if there exists a genuine issue of material fact. See *Prophecy*, 256 Ga. at 30 (2) (contrasting a situation in which a party makes an honest mistake in testifying with a situation in which a party testifies untruthfully to avoid summary judgment).

This case involves a conflict between Mrs. Pollard's deposition testimony, in which she stated that she and her husband had separated in 2018, and her original verified answer in her divorce proceeding, in which she stated that they had separated in 2015. Mrs. Pollard offered the trial court an explanation for this contradiction. In a verified filing with the trial court, Mrs. Pollard stated that she completed an intake form for her divorce attorney on which she indicated that she had separated from her husband in 2018; that at the instruction of that attorney's paralegal, she signed a verification of her answer without seeing the document; that the answer, which listed the date of her separation as 2015 rather than 2018, was filed "[o]n account of an error

of the paralegal"; and that upon learning of the error, Mrs. Pollard filed an amended answer correcting it. Mrs. Pollard attached to this filing a copy of the intake form bearing the 2018 date.

After receiving this filing from Mrs. Pollard, the trial court stated in a written order that it had "heard no . . . 'reasonable explanation'" for the contradiction in her testimony. We construe this order to mean that the trial court determined that the explanation Mrs. Pollard offered in her filing was unreasonable. That determination was error. Reviewing the trial court's determination de novo, we conclude that Mrs. Pollard's explanation was reasonable under *Prophecy*, given that the separation date she gave her divorce attorney for inclusion in her answer was substantially the same as the date she gave in her deposition testimony.

*Prophecy* does not require us to disregard Mrs. Pollard's testimony that she separated from her husband in 2018, and therefore Great Dane is not entitled to summary judgment on Mrs. Pollard's claim for loss of consortium on that basis. The jury, not the trial court, must decide whether to believe Mrs. Pollard's explanation. See *White v. Shamrock Bldg. Systems*, 294 Ga. App. 340, 350 (6) (669 SE2d 168) (2008).

3. Given our holding in Division 2, we need not address Mrs. Pollard's remaining claim of error.

*Judgment reversed. Mercier, C. J., and McFadden, P. J., concur.*